## A94A1227. CLAY v. THE STATE.
(447 SE2d 156)

BLACKBURN, Judge.

Edward Jerome Clay appeals his conviction by a jury of aggravated assault.

1. In his first four enumerations of error, Clay asserts the general grounds and the trial court's denial of his motion for directed verdict. "On appeal, the standard of *Jackson v. Virginia,* 443 U. S. 307 (99

SC 2781, 61 LE2d 560) (1979), 'is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.' *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984)." *Wright v. State*, 211 Ga. App. 474 (1) (440 SE2d 27) (1993).

The victim testified that Clay attacked him with a knife. A witness to the altercation testified that Clay attacked the victim, although the witness did not see the knife. Clay testified that the victim started the altercation by grabbing a knife from a table and holding it in an offensive manner. A fight then ensued in which the victim was injured. Clay testified, however, that he did not remember the victim getting cut.

"It is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited." (Citations and punctuation omitted.) *Bowers v. State*, 177 Ga. App. 36, 39 (338 SE2d 457) (1985). Furthermore, "the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citation and punctuation omitted.) *Ahmed Al-Beti v. State*, 210 Ga. App. 312 (1) (436 SE2d 50) (1993). Having so reviewed the facts of this case, we find that the evidence was sufficient under the standard of *Jackson v. Virginia*, supra.

2. In his fifth enumeration of error, Clay contends the trial court erred in denying, as untimely, his motion to strike a juror for cause. However, Clay failed to preserve this issue for appeal. At the end of the jury selection process, the trial court asked both parties whether there were any objections to the makeup of the jury or to the method used to select the jury. Neither party raised any objections.

3. Clay asserts the trial court erred in allowing photographs of the victim's injuries into evidence. Specifically, Clay argues the photographs were not relevant to the crime charged and were prejudicial. The victim's injuries were relevant. "A person commits the offense of aggravated assault when he assaults . . . [w]ith a deadly weapon or with any object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Clay testified that he could not remember the victim getting cut. Proving serious bodily injury is a part of the State's burden of proof. The trial court did not err in admitting the photographs depicting the victim's injuries.

4. In his final enumeration of error, Clay contends the trial court erred by failing to recharge the jury on his defenses to aggravated

assault after the court recharged the jury on the elements of aggravated assault, pursuant to the jury's request.

During jury deliberations, the jury requested that they hear the definition of aggravated assault. The judge warned them that they were to consider the charge he had given as a whole, and then asked if they were asking strictly for the definition of the crime of if they also wanted a recharge on those areas of justification and accident. The foreman of the jury indicated that they wanted a recharge on just the definition of the crime. The judge gave the jury the charge on the definition of aggravated assault and again reminded them to consider this charge with the charge previously given.

Clay's contention is without merit. "[I]t is not error to limit a recharge to the question asked. [Cit.]" *Davis v. State*, 209 Ga. App. 755, 760 (434 SE2d 752) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 27, 1994.

*John G. Walrath*, for appellant.
*Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney*, for appellee.