## A94A1570. WATSON v. THE STATE.
(448 SE2d 718)

BIRDSONG, Presiding Judge.

Leroy Watson appeals his conviction for robbery by force. The evidence shows Watson entered a drugstore in Savannah, Chatham County. The cashier was familiar with appellant, as he had been in the store on previous occasions. Appellant was carrying a paper bag and a pole. He handed the cashier a five dollar bill and asked for change. When the cashier opened the cash register, appellant grabbed

the cashier's left arm. The cashier, who was seven months pregnant and was afraid, pulled her arm away and ran to the middle of the store. After taking the money out of the cash register, appellant left through the door facing Abercorn Street. When police arrived, the cashier described the robber, including his clothing and the pole he had been carrying. Police soon spotted appellant on Abercorn Street, sitting down and smoking a cigar, pole in hand. His clothing and the bag he was carrying matched the cashier's description of the robber. Within minutes, appellant was taken to the drugstore, where he was positively identified as the robber. Police recovered $192 from him. *Held*:

1. Appellant contends the trial court erred in admitting, over objection, the testimony of two police officers as to the cashier's description of the crime and of appellant. Appellant contends these statements are hearsay and that, as prior consistent statements, they improperly bolster the cashier's testimony. We find no error. Both prior inconsistent statements and prior consistent statements are admissible. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661); *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717); *Madaris v. State*, 207 Ga. App. 145, 146 (427 SE2d 110).

2. Appellant contends the verdict was greatly against the weight of the evidence. He contends that because the cashier does not remember whether he pulled the money out of the cash register before she jerked her arm away from him and ran away, there was no robbery by force (OCGA § 16-8-40 (a)), and that there was, at best, theft by taking. See OCGA § 16-8-2.

Viewed in the light most favorable to the jury's verdict, the evidence is sufficient to persuade a rational trier of fact that appellant committed robbery by force, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence, viewed in favor of the verdict, shows that appellant did take the money out of the register before the cashier broke away from his grasp. Moreover, even if she had managed to escape his grasp before he actually removed any money from the register, such facts would not negate the finding of robbery by use of force in violation of OCGA § 16-8-40 (a).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 22, 1994 —
RECONSIDERATION DENIED SEPTEMBER 16, 1994 — 

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Jon C. Hope*, Assistant

*District Attorney,* for appellee.

