## A94A2760. DOWDY v. THE STATE.
(451 SE2d 528)

BIRDSONG, Presiding Judge.

James Lee Dowdy appeals his conviction and judgment of entering an auto, involving theft of items from a truck. *Held:*

1. Appellant contends the trial court erred in admitting in evidence two typed confessions. He contends that under the best evidence rule (OCGA § 24-3-38) he was entitled to have the State introduce the notes made by police during the interviews, not merely the statements typed four days later. The officer who testified at the *Jackson-Denno* hearing stated that he and another officer, Jarrard, talked with appellant; Jarrard took notes and these notes were reduced to a typed statement. The testifying officer did not take the notes and did not know whether they were still in existence, but he reviewed the typed statements at trial and agreed they contained appellant's verbal statements. Appellant did not call Jarrard at the *Jackson-Denno* hearing for examination. During trial, appellant fully cross-examined Jarrard about the existence and nature of the notes; Jarrard testified the statements were the same as his notes except that the typist changed his punctuation and spelling. Although it was shown the notes were probably in the sheriff's office in Jarrard's filing cabinet, appellant did not demand that they be produced.

The best evidence rule requires introduction of "[t]he best evidence which exists of a writing . . . unless its absence shall be satisfactorily accounted for." OCGA § 24-5-4 (a). Assuming arguendo that the "best evidence" rule applies to this evidence, the absence of Jarrard's notes was satisfactorily accounted for and explained. Moreover, the best evidence rule may be waived. See *Moret v. State*, 246 Ga. 5, 6

(268 SE2d 635). In this case, although the notes were shown to be accessible, appellant did not demand they be produced; even assuming there was error, he aided in causing it. He could have introduced the notes himself. Appellant may not take advantage of his own failure to demand production of the notes to bar the State from introducing the typed statements on "best evidence" grounds. See *Rider v. State*, 207 Ga. App. 519 (428 SE2d 423). Finally, Jarrard testified the notes were substantially the same as the typed statement and both officers testified the typed statements were the same as appellant's verbal statement. Appellant has not shown the notes were inconsistent with the typed statements and has therefore shown no harm.

Appellant also relies on OCGA § 24-3-38 as barring the State from introducing the typed statements without the original notes. In fact, "the whole admission and all the conversation[s] connected" to this offense (id.) were contained in the typed statements; appellant has made no showing otherwise. Appellant's reliance on § 24-3-38 is therefore misplaced.

2. Appellant contends it was hearsay error to permit Jarrard to testify that the victim identified a truck parked at Dowdy's home as the truck he had seen near where he had left his vehicle. The victim testified at trial and was fully available for cross-examination, so any hearsay objections were satisfied. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661).

3. Appellant complains of the trial court's failure to charge on leniency to a co-conspirator. No written request to charge was filed, and no request for this charge was made until after the jury was charged. Generally where there is no written request to charge, failure to give the charge is not error. *Bullock v. State*, 202 Ga. App. 65 (1) (413 SE2d 219); see *Gadson v. State*, 264 Ga. 280 (444 SE2d 305).

4. The evidence is sufficient to persuade a rational trier of fact of appellant's guilt of the crime convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 12, 1994.

*William W. Woody*, for appellant.
*David C. Turk III, District Attorney*, for appellee.