## A95A1290. REAGIN v. THE STATE.
(463 SE2d 39)

McMURRAY, Presiding Judge.

Defendant Reagin was charged by accusation with the offenses of driving under the influence of alcohol or drugs, violation of the open container law, operating a vehicle without insurance, operating a vehicle without proof of insurance, simple assault, and obstruction of a law enforcement officer. The charge of operating a vehicle without insurance was nolle prossed. Defendant entered a plea of nolo contendere to the charge of operating a vehicle without proof of insurance and was fined. A verdict of not guilty was directed as to the charge of violation of the open container law. The jury returned a verdict of not guilty as to the offenses of driving under the influence of alcohol or drugs and simple assault. Defendant was convicted of the offense of obstruction of a law enforcement officer and appeals that conviction. *Held:*

1. All of the charges arose from an incident which occurred at a rest stop on an interstate highway. It was approximately 8:50 p.m. when a patrolling police officer saw defendant sitting in a parked car drinking from a can. The officer parked his car and walked over to defendant's vehicle. Defendant was alone and seated in the driver's seat of a vehicle with a local license plate. As the officer approached, defendant concealed the can from which he had been drinking. While defendant stated in response to inquiries by the officer that he had not been drinking, the officer observed that defendant had bloodshot eyes, his face was flush, and his breath had a strong odor of alcohol. Defendant also stated that he had been at the rest stop for 15 minutes and that he had driven himself there. The officer then asked defendant to step out of the car and to perform some field sobriety tests. As defendant was exiting the car, the officer saw that the container from which defendant had been drinking was a 16-ounce beer can. The officer then administered the horizontal gaze nystagmus test and found a great deal of jerking motion of defendant's eyes. After defendant refused to take further field sobriety tests the officer stated his decision to arrest defendant for driving under the influence.

Defendant then physically resisted the officer's attempt to take him into custody, and this resistance to the arrest is the basis of the obstruction charge of which defendant stands convicted and appeals.

The first enumeration of error questions the sufficiency of the evidence to authorize defendant's conviction of obstruction of the officer. It is an essential element in an obstruction case that the officer was engaged in the lawful performance of his official duties. *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861). Defendant maintains that his conviction must be overturned because he was illegally arrested in that the officer had no probable cause to believe that he had been driving while under the influence.

We note here the three levels of encounter between an individual and police. See *Exposito v. State*, 191 Ga. App. 761, 762 (1) (382 SE2d 412). The lowest level of encounter has no threshold requirement, and indeed the individual may refuse to answer or ignore the request and go on his way. The encounter in the case sub judice was at this lowest level when the officer walked up to defendant and began a conversation with him. After he saw that defendant appeared to be intoxicated and had been told that defendant had recently driven the car, the officer had sufficient articulable suspicion to authorize bringing the encounter to the second level, a brief seizure pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), which began when defendant was ordered from the car. The third level of encounter is arrest which requires probable cause and involves restraint of one's liberty.

" ' "A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent (person) in believing that the accused had committed or was committing an offense. (Cits.)" *Callaway v. State*, 257 Ga. 12 (2) (354 SE2d 118) (1987).' *Gilbert v. State*, 212 Ga. App. 308 (1), 309 (441 SE2d 785)." *Knox v. State*, 216 Ga. App. 90, 91 (1) (453 SE2d 120). The officer had direct knowledge of defendant's apparent intoxication and had been told by defendant that he drove to the rest stop only 15 minutes before the officer's arrival. Defendant refused to acknowledge that he had been drinking and attempted to conceal his beer can. That he offered no explanation for the circumstances discovered by the officer provided additional evidence that defendant was driving under the influence. *Martin v. State*, 214 Ga. App. 614 (1), 616 (448 SE2d 471). "It is not necessary for a conviction of driving under the influence, much less for probable cause, that the driver actually be seen behind the wheel driving the car while under the influence." *Hall v. State*, 200 Ga. App. 585 (1), 586 (409 SE2d 221). While it was possible that defendant had driven to the rest stop before becoming intoxicated,

the officer could reasonably conclude that under the circumstances known to him, particularly the short time defendant had been at the rest stop, that this was unlikely to be correct. "By considering all the facts available to him and weighing the reasonableness and probabilities of the circumstances, the officer had the requisite probable cause to arrest. *State v. Grant*, 257 Ga. 123, 125 (1) (355 SE2d 646) (1987). The same strictness of proof required for a finding of guilt is not necessary for probable cause." *Hall v. State*, 200 Ga. App. 585, 587 (1), supra. Therefore, it is immaterial to the legality of the arrest that defendant was acquitted of the charge of driving under the influence. *Brooks v. State*, 166 Ga. App. 704, 706 (305 SE2d 436). The evidence was sufficient to authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of obstruction of a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Dozier v. State*, 217 Ga. App. 835, 836 (1) (459 SE2d 463).

2. The remaining enumeration of error complains of the trial court's failure to charge the jury with regard to warrantless arrest. OCGA § 17-4-20 (a). But this issue was not preserved by a written request to charge, objection to the charge made at trial, or reservation of the right to object on motion for new trial or on appeal. The issue, apparently being first raised by defendant's amended motion for new trial, was not preserved for appellate review. *Golden v. State*, 263 Ga. 521 (2) (436 SE2d 11); *Dowdy v. State*, 215 Ga. App. 576, 577 (3) (451 SE2d 528).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 3, 1995 —
RECONSIDERATION DENIED OCTOBER 16, 1995 — 

*Glyndon C. Pruitt*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellee.