A96A0145. CAMPBELL v. THE STATE.
(470 SE2d 503)

BLACKBURN, Judge.

Gregory E. Campbell was found not guilty of driving under the influence and guilty of obstruction of justice following a jury trial. Campbell appeals his conviction of obstruction.

1. Campbell contends the trial court erred by allowing the introduction of his prior traffic convictions into evidence. The State maintains that Campbell's prior convictions were admissible because he placed his character in issue. See OCGA § 24-9-20 (b).

During his direct examination by his counsel, Campbell testified that he was a volunteer for Hands on Atlanta acting as big brother to children without fathers. He further testified that he helps senior citizens, is involved with the Literacy Action program, and is about to start working with disadvantaged youth through his church. After this testimony, the State requested the trial court's ruling on whether Campbell had put his character in issue. The trial court ruled that Campbell had placed his character in evidence and allowed the State to introduce Campbell's prior traffic convictions.

In *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338) (1985), the Georgia Supreme Court held that "[c]onduct reveals character as accurately as reputation does." Therein, the court determined that the defendant's testimony that he was a church member, taught Sunday School, was an associate minister of youth at his church, and had

never been charged with or convicted of a crime "was *sufficient* to raise the character issue." (Emphasis in original.) Id. at 368. Compare *Etienne v. State*, 219 Ga. App. 95, 96-97 (464 SE2d 396) (1995) (defendant's testimony that "he had a clean record" not sufficient to raise character issue).

Campbell argues that he did not intentionally place his character in evidence, citing *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988). In *Jones*, the court held "that a defendant does not put his 'character in issue' within the meaning of OCGA § 24-9-20 (b) by inadvertent statements regarding his own good conduct." However, in the present case, Campbell's statements can hardly be described as inadvertent. Indeed the testimony regarding his good deeds directly responded to his own counsel's questions regarding whether he was involved in any organizations in the community and what type of work he did with these organizations. Although Campbell's counsel argued that the testimony was not elicited as good character evidence, but "just to show [Campbell] was involved in the community," we see no relevance to such testimony other than to show good character. A defendant cannot intentionally testify regarding his good acts and then argue that he did not intentionally put his character in issue. The trial court did not err by allowing the State to rebut Campbell's good character evidence with evidence of his past traffic convictions.

2. In his second enumeration of error, Campbell contends the arresting officer did not have probable cause to arrest him for DUI so that he was justified in resisting because the officer was not in the lawful discharge of his duties. We cannot agree.

The evidence viewed in the light most favorable to support the verdict shows that the arresting officer pulled over the car driven by Campbell because when the car turned in front of the officer, the passenger leaned out the window waving his hand as if to flag down the officer. After stopping the car, Campbell got out and approached the officer. The officer noted that Campbell was jittery and that there was a odor of alcoholic beverages on his breath. Campbell admitted he had consumed a couple of beers, and said that he would let his passenger drive the car because he did not need a DUI. The officer administered a field sobriety test which Campbell did not successfully complete. As the officer attempted to administer a second test, a car struck his patrol car, knocking the patrol car's doors off, and then drove away. While the officer was informing headquarters of the hit-and-run, Campbell ran to his car and told the passenger to "take off." When the passenger did not take off, Campbell ran around to the driver's side and told his passenger to get out. The officer then drew his weapon and ordered Campbell and the passenger to the ground. The passenger complied, but Campbell did not. Campbell picked up

the car keys from the ground near the passenger and headed toward the car, as if to leave, whereupon the officer used his night stick to restrain Campbell.

Although Campbell's testimony of his arrest contrasted with the officer's, "it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. . . . Furthermore, the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citations and punctuation omitted.) *Clay v. State*, 214 Ga. App. 160, 161 (447 SE2d 156) (1994).

The facts in *Reagin v. State*, 218 Ga. App. 733 (463 SE2d 39) (1995) are very similar to the instant case. Therein, the defendant was found not guilty of driving under the influence of alcohol or drugs and simple assault, but was convicted of obstruction of a law enforcement officer. The defendant appealed the obstruction conviction asserting that the officer did not have probable cause to arrest him for driving under the influence of alcohol. Id. at 734. We noted that "[a] warrantless arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." (Citations and punctuation omitted.) Id.

In the present case, the officer had smelled alcoholic beverages on Campbell's breath, Campbell was jittery, he failed a field sobriety test, he continually commented that he did not need a DUI, and he attempted to flee. "By considering all the facts available to [the officer] and weighing the reasonableness and probabilities of the circumstances, the officer had the requisite probable cause to arrest. [Cit.] The same strictness of proof required for a finding of guilt is not necessary for probable cause. [Cit.] Therefore, it is immaterial to the legality of the arrest that [Campbell] was acquitted of the charge of driving under the influence. [Cit.] The evidence was sufficient to authorize a rational trier of fact to find [Campbell] guilty beyond a reasonable doubt of obstruction of a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]; *Dozier v. State*, 217 Ga. App. 835, 836 (1) (459 SE2d 463) [(1995)]." (Punctuation omitted.) *Reagin v. State*, supra at 735.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

*Thomas J. Thomas,* for appellant.
*Louise T. Hornsby, Solicitor, Marcelle A. Castillo, Assistant Solicitor,* for appellee.