## A99A0515. HARDEN v. THE STATE.
### (515 SE2d 627)

BLACKBURN, Judge.

Calvin Milton Harden appeals his convictions, following a jury trial, of robbery by sudden snatching, obstruction of an officer, and giving a false name. In two enumerations of error, Harden contends that the evidence was insufficient and the verdict was contrary to the law. We affirm the jury's verdict.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Harden] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State,* 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewing the evidence, it reveals that Harden came into the Jet

---

[25] *Mathis v. State,* 194 Ga. App. 498-499 (1) (391 SE2d 130) (1990).
[26] Id.

Food Store and asked Tammy Parker, the clerk on duty, for a pack of Newport cigarettes. Parker described Harden as a 35- to 40-year-old black man wearing a cap, work pants, and a faded black t-shirt which had the words "BY THE TIME YOU FINISH READING THIS T-SHIRT . . ." printed on it. Parker did not finish reading the t-shirt. When Parker told Harden that he owed her $1.90, he dug in his pockets and was unable to find any money. He said, "What the f_ _ _," and snatched the cash register off the counter. Parker called 911. The entire incident was taped by a surveillance camera, and the tape was played for the jury.

After viewing the videotape on the night of the incident, the store manager recognized Harden as someone who had been a customer in the store on several previous occasions. Deputy Blake Swicord testified that, upon investigating the scene of the robbery, he found a cash register tape trailing down Hardwick Street toward Fourth Street. Sergeant Trent Swicord testified that, a week before the robbery occurred, Harden told him that he was staying at 158 Fifth Street which is not far from the Jet Food Store. Sergeant Swicord indicated on an aerial map where Harden's residence was located. Sergeant Deason testified that a look-out was placed on Harden as a suspect for the robbery, and that when he approached Harden, Harden identified himself as Troy Jackson and told him Harden was at Walter Williams Ball Park. Sheriff Sills testified that when he saw Harden he pulled beside him in a car and said, "Calvin, put your hands on the side of the car. We've got a warrant for your arrest." Harden ran and Sheriff Sills pursued him; however, Harden was able to elude him. Harden was taken into custody only after he ran from the residence where he was staying when officers arrived to arrest him. Harden later returned for his suitcase to find the officers waiting for him. The shirt Harden was wearing at the time of the robbery was found in the house where Harden was staying, not far from the Jet Food Store.

The cash register was recovered in some woods between the Jet Food Store and Harden's residence, and Harden's fingerprint was on it. Harden told Detective Blenk that he never touched the cash register. Harden denied entering the Jet Food Store and robbing it of the cash register. Harden explained his fingerprint on the cash register by testifying that he found it in the woods and touched it at that point.

> [I]t is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. Furthermore, the credibility of witnesses and the resolution of such conflicts are for

the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict.

(Punctuation omitted.) *Campbell v. State*, 221 Ga. App. 105, 107 (2) (470 SE2d 503) (1996).

Having viewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Harden guilty beyond a reasonable doubt of the offenses for which he was convicted. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED APRIL 1, 1999.

*Jerry D. McRee*, for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.