## A02A0752. ARMSTEAD v. THE STATE.
## A02A0753. JENKINS v. THE STATE.
### (565 SE2d 579)

BLACKBURN, Chief Judge.

Following a jury trial, Kareem Anthony Jenkins and Yusaf Armstead appeal their conviction for armed robbery. Armstead asserts that: (1) the evidence was insufficient to support a conviction because it was based entirely on identification of Armstead by Gonzalez, the victim, and (2) the trial court erred by instructing the jury that the level of certainty shown by the witness in identifying Armstead could be considered in determining the reliability of that identification. Jenkins contends that the trial court erred in admitting hearsay evidence. We affirm.

---

[6] *Gunter v. Patterson Bank,* 247 Ga. App. 555, 557-558 (544 SE2d 735) (2001).

Viewing the facts in the light most favorable to the verdict, the record shows that the victim, Gonzalez, parked his car at a nightclub in Atlanta. A Ford Taurus pulled up beside Gonzalez's car. Armstead, a passenger in the Taurus, walked up to the victim, pointed a gun at him, and demanded his money. Jenkins, the driver, exited the Taurus and removed from Gonzalez's car the victim's jacket, in which was located his wallet, checkbook, and other items. Then, Armstead and Jenkins got back into the Taurus and left the nightclub. Gonzalez reported the robbery to police and gave a statement to Officer England, providing two possible tag numbers for the Taurus. Later Detective Loy determined, based on Officer England's report, that one of the tag numbers belonged to a Ford Taurus registered to Jenkins' mother. Armstead and Jenkins were identified by Gonzalez in a photographic lineup as the persons who had robbed him. At trial, Gonzalez again identified Armstead as the gunman and Jenkins as the driver of the Taurus.

On appeal, the evidence is viewed in the light most favorable to the verdict; the appellant no longer enjoys the presumption of innocence. *Jones v. State*.[1]

## Case No. A02A0752

1. So viewing the evidence, we address Armstead's first enumeration of error, the insufficiency of the evidence. "We do not determine the credibility of eyewitness identification testimony. Rather 'the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury.' [Cit.]" *Jones*, supra, 214 Ga. App. at 788. OCGA § 24-4-8 provides that "[t]he testimony of a single witness is generally sufficient to establish a fact." Here the victim's testimony alone is sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt. *Smith v. State*.[2]

2. Armstead also contends that the trial court's instruction concerning eyewitness identification was erroneous. This charge was taken directly from the Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, pp. 39-40. This identification charge is based on the decision of the U. S. Supreme Court in *Neil v. Biggers*,[3] which outlined five factors to be considered in evaluating the reliability of eyewitness identification: (1) the opportunity to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior

---

[1] *Jones v. State*, 214 Ga. App. 788 (449 SE2d 330) (1994).
[2] *Smith v. State*, 246 Ga. App. 191, 192 (1) (539 SE2d 881) (2000).
[3] *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. The use of the fourth factor is questioned by Armstead.

The issue of whether the charge on "the level of certainty" of the identification is a reliable consideration has been stated among the enumerations of error in three recent Georgia cases. In *DeLoach v. State*,[4] our Supreme Court held that the appellant, by requesting that the trial court give the charge, had waived his right to enumerate it as error on appeal. Two months later, the Supreme Court in *Jones v. State*[5] chose not to reconsider the instruction. The Supreme Court found that giving the instruction was harmless error because: (1) there was other significant evidence of guilt introduced at trial, and (2) the trial court's instruction covered the possibility of mistaken identification, the state's burden of proving identity beyond a reasonable doubt, and the other factors stated in *Neil. Id*. This court decided *Brodes v. State*[6] on the same basis as *DeLoach,* holding that the appellant had waived the right to assert an error in the charge.

We find no reversible error in the trial court's charge. Our Supreme Court, having decided two prior cases in which this issue was raised, has not disapproved of this charge, and we decline to do so.

Armstead has not provided studies persuasive to this Court proving that jurors do not have common knowledge adequate to determining the issue of identification, nor has he shown a clear majority trend in case law holding such instruction is erroneous. The two Georgia cases which Armstead relies upon, *Johnson v. State*[7] and *Brodes*, supra, do not specifically address this issue. Instead, these decisions clarify the discretion of the trial court to allow expert opinion on the reliability of eyewitness identification. Armstead offers only one other case as authority for asserting that the subject charge was error, *United States v. Burrous*.[8] In that decision, the judge chose to give a charge in lieu of allowing expert testimony on various issues of eyewitness identification. Id. at 527. The charge was not mandatory and did not eliminate the certainty of the identification as a factor. Id. at 530, 532. The *Burrous* charge states that if a witness is positive of identification, this certainty does not relieve the juror of carefully considering that evidence. Id. at 532. While *Burrous* may be considered for its persuasive value, it is not binding on this Court.

[4] *DeLoach v. State*, 272 Ga. 890, 892 (2) (536 SE2d 153) (2000).
[5] *Jones v. State*, 273 Ga. 213, 218 (3) (b) (539 SE2d 143) (2000).
[6] *Brodes v. State*, 250 Ga. App. 323, 327 (3) (551 SE2d 757) (2001).
[7] *Johnson v. State*, 272 Ga. 254 (526 SE2d 549) (2000).
[8] *United States v. Burrous*, 934 FSupp. 525 (E.D. N.Y. 1996).

In some jurisdictions, a specific cautionary charge on identification is discretionary, and the trial court is free to rely on general credibility and burden of proof instructions. See discussion in *State v. Dyle.*[9] A number of jurisdictions have used or provided similar charges to the jury instruction recommended in *United States v. Telfaire.*[10] *Dyle*, supra at 610. A portion of that instruction states that, "You may take into account . . . the strength of the identification." *Telfaire*, supra at 558, Appx. (2). Among the 50 states, there is no consistency in whether "certainty" is part of the instruction. Some jurisdictions charge "the certainty" factor, while others have used alternative language on identification. States maintaining "certainty or positive" factor in instructions: *State v. Robinson*,[11] *State v. Warren*,[12] *People v. Wright*,[13] and *McDoulett v. State*.[14] States opposed to certainty instruction: *Commonwealth v. Santoli*[15] and *State v. Long*.[16] *State v. Long* found that the charge in *United States v. Telfaire* would be sufficient under most circumstances, but suggested that it could be improved by elimination of some of the *Neil v. Biggers* assumptions and the addition of new factors based on recent empirical research.

It is within the common knowledge of a juror that the certainty of a witness's identification does not necessarily reflect its accuracy, and the language of the instruction makes this clear. The current pattern jury instruction provides that the juror "may consider," not "must consider," the certainty of identification. Certainty is only one of the six factors in the pattern jury instruction. Another factor the juror may consider is the possibility of mistaken identity. The juror determines how much weight to give each of the factors. The charge also provides that identification is dependent on the credibility of the witness and that the testimony, facts, and circumstances of the case must identify the defendant beyond a reasonable doubt as the perpetrator.

In *Johnson*, supra, the Supreme Court has clarified that the trial court has discretion to allow expert testimony on this issue. In this manner, empirical research concerning identification reliability can be introduced and disputed. Based on such testimony, cross-examination of the witnesses, and argument of counsel, jurors, where it is appropriate in the case, will have the tools from which to deter-

[9] *State v. Dyle*, 899 SW2d 607, 610 (Tenn. 1995).
[10] *United States v. Telfaire*, 469 F2d 552 (D.C. Cir. 1972).
[11] *State v. Robinson*, 165 N.J. 32, 37-38 (754 A2d 1153) (2000).
[12] *State v. Warren*, 230 Kan. 385, 397 (635 P2d 1236) (1981).
[13] *People v. Wright*, 45 Cal.3d 1126, 1139 (755 P2d 1049) (1988).
[14] *McDoulett v. State*, 685 P2d 978, 980 (Okla. Crim. 1984).
[15] *Commonwealth v. Santoli*, 424 Mass. 837, 845-846 (680 NE2d 1116) (1997).
[16] *State v. Long*, 36 Utah Adv. Rep. 11, 12-13 (721 P2d 483) (1986).

mine the probative value of certainty in identification as a factor in its determination.

## Case No. A02A0753

3. Jenkins contends that Gonzalez's statement, which includes the tag numbers of the Ford Taurus, is inadmissible hearsay. Officer England testified as to what Gonzalez told him about the incident. Detective Loy testified about the tag numbers based on his review of the report Officer England prepared from Gonzalez's statement.

"The admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion." (Punctuation omitted.) *Jackson v. State.*[17] Following this standard, we find no abuse of discretion by the trial court in allowing this testimony.

By definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made.[18] Clearly, the testimony of Officer England and Detective Loy, as to what the victim had advised Officer England at the scene of the crime and how he described the incident, falls within the Georgia definition of hearsay as acknowledged by the trial court.

The primary flaw of hearsay testimony is the lack of opportunity for the declarant to be cross-examined as to honesty, truthfulness, perception, and memory. There are many exceptions to the exclusion of hearsay testimony.[19] Here, the record shows that Gonzalez, the declarant, testified at trial, as did Officer England, and that both were subject to a full cross-examination by defense counsel.

This Court has previously upheld the admissibility of hearsay if the declarant testified at trial and was subjected to a thorough and sifting cross-examination. In *Dowdy v. State,*[20] the investigating officer was permitted to testify that the victim of a vehicle robbery had identified a truck parked at the defendant's home as the one near the spot where he left his own vehicle. The testimony of two police officers as to the cashier's description of the crime and of the perpetrator was admitted over a hearsay objection in *Watson v. State.*[21] Therefore, we find the court did not err in admitting this testimony.

---

[17] *Jackson v. State*, 252 Ga. App. 268, 272 (4) (555 SE2d 908) (2001).
[18] See Milich, Ga. Rules of Evidence (1997), § 16.5, p. 251.
[19] Id. at § 16.4, p. 250.
[20] *Dowdy v. State*, 215 Ga. App. 576, 577 (2) (451 SE2d 528) (1994).
[21] *Watson v. State*, 214 Ga. App. 650, 651 (1) (448 SE2d 718) (1994).

*Judgments affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 15, 2002.

*Carl P. Greenberg*, for appellant (case no. A02A0752).
*Sharon L. Hopkins*, for appellant (case no. A02A0753).
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.