A04A0810. BRODES v. THE STATE.
(602 SE2d 895)

BARNES, Judge.

A jury convicted J. Brodre Brodes on two counts of armed robbery, and the trial court sentenced him to fifteen years on each count, to serve ten years in prison and the remaining five years on probation. The only evidence connecting Brodes to the crime was his identification as the perpetrator by the two victims. Brodes appeals, contending that the trial court erred in giving the pattern jury charge on identification, specifically the portion that instructs the jury that it may consider the witness's level of certainty in assessing the reliability of the witnesses' identification of the defendant as the man who robbed them. For the reasons that follow, we affirm.

This court reversed Brodes's conviction after the first trial, finding that the trial court erred in refusing to allow Brodes to call his expert witness Stephen Cole, who held a Ph.D. in human experimental psychology and would have testified about the problems inherent in eyewitness identification. *Brodes v. State*, 250 Ga. App. 323, 324 (1) (551 SE2d 757) (2001). We held that:

> [f]irst, the record shows that the testimony would have aided the jury in evaluating the reliability of the victims' identifications of Brodes. Cole would have testified about several factors affecting the accuracy of eyewitness identification that were otherwise not likely to be fully understood by jurors. Those factors are highly relevant in this case, which involves cross-racial identifications by victims who were at gunpoint and who professed confidence in their identifications. Second, the record shows no other effective means for Brodes to illustrate the potential weaknesses of the victims' identifications. Although defense counsel cross-examined the victims, the testimony of an expert witness was the only way to put before the jury the empirical evidence proffered by Cole. Moreover, we cannot say that the exclusion of Cole's testimony was harmless error. The only evidence against Brodes was the victims' identifications of him, and Brodes's only defense was mistaken identity. Thus, the reliability of the victims' identifications was the pivotal issue.

(Footnotes omitted.) Id. at 325.

Upon retrial, Brodes's expert testified that, among other things, his research shows that there is no correlation between the degree of an eyewitness's certainty about his identification of a subject and the accuracy of the degree of the eyewitness's identification. In other words, someone who is highly confident that he has identified a suspect is not more likely to identify the right person than someone who is not as confident.

Brodes objected to the trial court's standard pattern charge to the jury, and argues here that instructing the jury to consider the witness's level of certainty "inevitably carries with it the potential of being interpreted by the jury as an intimation of opinion by the court that there is evidence of certainty to be considered." The trial court charged the jury as follows:

> Identity is a question of fact for determination by you, the jury. It is dependent upon the credibility of the witness or the witnesses offered for this purpose, and you have the right to consider all of the facts previously charged regarding credibility of witnesses. Some, but not all[,] of the factors you may consider in assessing reliability of identification are the opportunity of the witness to view the alleged perpetrator at the time of the alleged incident, the witness' degree of attention towards the alleged perpetrator at the time of the alleged incident, *the level of certainty shown by the witness about his identification*, the possibility of mistaken identity, whether the witness' identification may have been influenced by factors other than the view that the witness claimed to have had, whether the witness on any prior occasion did not identify the defendant in this case as the alleged perpetrator.

(Emphasis supplied.)

Brodes argues that, unlike the other factors the jury is instructed to consider, such as the witness's opportunity to see the perpetrator or degree of attention, a witness's level of certainty is not a factual observation, but an intimation of opinion. Brodes analogizes the evidentiary value of "level of certainty" to the evidentiary value of the former pattern charge that instructed the jury that it could consider whether to draw an inference of guilt from the accused's flight. In abolishing that charge, the Supreme Court of Georgia held that

> the charge inevitably carries with it the potential of being interpreted by the jury as an intimation of opinion by the

court that there is evidence of flight and that the circumstances of flight imply the guilt of the defendant; this is especially true since the trial court does not give specific charges on other circumstances from which guilt or innocence may be inferred.

(Punctuation omitted.) *Renner v. State*, 260 Ga. 515, 518 (3) (b) (397 SE2d 683) (1990). Brodes argues that instructing the jury to consider the eyewitness's level of certainty in his identification of the accused is also "an undue emphasis of a specific circumstance from which guilt or innocence may be inferred."

The identification charge Brodes objects to is, as he noted, a pattern charge. Suggested Pattern Jury Instructions, Council of Superior Court Judges of Georgia, Vol. II: Criminal Cases (2nd ed. 1991), p. 39. We have previously considered whether "the level of certainty" of an identification is a reliable consideration and rejected the argument that giving the pattern charge is error. *Armstead v. State*, 255 Ga. App. 385, 386-387 (2) (565 SE2d 579) (2002).

It is within the common knowledge of a juror that the certainty of a witness's identification does not necessarily reflect its accuracy, and the language of the instruction makes this clear. The current pattern jury instruction provides that the juror "may consider," not "must consider," the certainty of identification. Certainty is only one of the six factors in the pattern jury instruction. Another factor the juror may consider is the possibility of mistaken identity. The juror determines how much weight to give each of the factors. The charge also provides that identification is dependent on the credibility of the witness and that the testimony, facts, and circumstances of the case must identify the defendant beyond a reasonable doubt as the perpetrator.

Id. at 388. We noted in *Armstead* that the Supreme Court of Georgia, "having decided two prior cases in which this issue was raised, has not disapproved of this charge, and we decline to do so." Id. at 387. Accord *Wright v. State*, 265 Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004); *Darnell v. State*, 257 Ga. App. 555, 558 (5) (571 SE2d 547) (2002).

Accordingly, the trial court did not err in giving the pattern charge on identification.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 5, 2004 —

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.