## A05A0364. SMITH v. THE STATE.
### (614 SE2d 855)

MIKELL, Judge.

Rahim R. Smith appeals from the denial of his motion for new trial following his conviction of armed robbery, contending that the trial court erred in giving the pattern jury charge on the reliability of eyewitness identification. Specifically, Smith argues that it was error to inform the jury that it could consider the witness's "level of certainty" as a factor in determining the credibility of the witness's testimony. The court charged the jury as follows:

> Identity is a question of fact for determination by the jury. It is depending upon the credibility of the witness or witnesses offered for this purpose. And you have the right to consider all of the factors previously charged regarding credibility of witness[es]. Some but not all of the factors you may consider in assessing reliability of identification are the opportunity of the witness to view the alleged perpetrator at the time of the alleged incident, the witness's degree of attention toward the alleged perpetrator at the time of the alleged incident, the level of certainty shown by the witnesses about his or her identification. The possibility of mistaken identity. Whether the witness's identification may have been influenced by factors other than the view that the witness claimed to have and whether the witness on any prior occasion did not identify the defendant in this case as the alleged perpetrator.[1]

Smith contends that the "level of certainty" language was error because the Supreme Court "declined to approve of the charge" when given the opportunity to do so in *Johnson v. State*[2] and *Jones v. State*.[3] However, the Supreme Court recently pointed out in *Brown v. State*,[4] that in *Johnson*,[5] the appellant failed to enumerate any error in the giving of the pattern charge and that in *Jones*,[6] the Court declined to reach the issue. Moreover, "[w]e have previously considered whether 'the level of certainty' of an identification is a reliable consideration and rejected the argument that giving the pattern charge is error."[7]

---

[1] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed. 2003), § 1.35.10, pp. 27-28.

[2] 272 Ga. 254, 260 (2), n. 6 (526 SE2d 549) (2000).

[3] 273 Ga. 213, 218 (3) (b) (539 SE2d 143) (2000).

[4] 278 Ga. 544, 549 (11) (604 SE2d 503) (2004).

[5] Supra.

[6] Supra.

[7] *Brodes v. State*, 268 Ga. App. 895, 897 (602 SE2d 895) (2004), citing *Armstead v. State*, 255

In addition, in *Jones*, the Supreme Court expressed that "the certainty or lack of certainty of an eyewitness's identification has always been deemed a relevant factor in considering an eyewitness's testimony."[8] For these reasons, we decline to hold that the giving of the charge in this case was error.

Finally, we note that, even if the charge had been given in error, there was no harm, as the evidence of Smith's guilt was overwhelming. The victim, Ronald Potter, positively identified Smith as one of two men who approached him while he was using a pay telephone outside a restaurant on Peachtree Road. Potter testified that Smith pointed a gun at him and said, "hang up the damn phone and give me your money." Potter gave his wallet to Smith, who walked away with the other man.

Meanwhile, Sergeant Michael Elrod of the Fulton County Sheriff's Department happened to be driving along Peachtree Road at that moment. Elrod testified that Smith ran directly in front of his marked vehicle and that Elrod had to slow down in order to avoid hitting him. According to Elrod, Smith kept running, and then Potter flagged down the cruiser and reported that he had been robbed at gunpoint. Elrod chased Smith and caught him with the assistance of Atlanta police officers. The money and gun were recovered at the scene. Due to the strength of this evidence, error, if there had been any, would have been harmless.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 10, 2005.

*Mau & Kondritzer, Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

Ga. App. 385, 387 (2) (565 SE2d 579) (2002).

[8] (Footnote omitted.) *Jones*, supra at 218 (3) (a).