A11A0654. WILCOX v. THE STATE.
(711 SE2d 67)

SMITH, Presiding Judge.

Edward Loyldell Wilcox was convicted of rape, aggravated sodomy, and burglary.[1] His motion for new trial was denied, and, in this out-of-time appeal, he asserts the general grounds and ineffective assistance of counsel.[2] Finding no error, we affirm.

1. The elderly victim, who lived next door to Wilcox and knew him as "Ed," identified him to the police and at trial as the man who broke into her house, raped her, and forced her to perform oral sex on

---

[1] The jury acquitted Wilcox of aggravated sexual battery.

[2] Wilcox's original appeal was dismissed by order because his notice of appeal was untimely (Case No. A10A1544, decided April 14, 2010).

him. "[T]he testimony of the victim alone was sufficient to support the jury's verdict of guilt." *Sims v. State*, 275 Ga. App. 836, 838 (1) (621 SE2d 869) (2005). As in *Sims*, the victim's positive identification of her assailant would have been sufficient, but the State also presented corroborating testimony from police officers, as well as a nurse and physician who treated the victim and testified to her injuries. "This evidence was sufficient to satisfy the test in *Jackson v. Virginia*." (Citation omitted.) Id.

2. Wilcox alleges ineffective assistance on the part of his trial counsel in three respects: that counsel stipulated to crime lab results regarding a pair of jeans found in his residence; that counsel failed to file a motion to suppress with respect to the jeans; and that counsel failed to object to testimony from a physician and nurse. We find, however, that Wilcox has failed to show ineffective assistance in any of these respects.

> Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant alleging ineffective assistance of counsel must show first that his counsel's performance was deficient, and second, that counsel's deficient performance prejudiced his defense. If the appellant fails to meet his burden on one prong of this test, we need not address the other prong. In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Robison v. State*, 277 Ga. App. 133, 136 (3) (625 SE2d 533) (2006). For the reasons stated below, we find that the trial court's determination that Wilcox received effective assistance of counsel was not clearly erroneous, particularly in light of the fact that the jury acquitted Wilcox of the charge of aggravated sexual battery. *Wilson v. State*, 306 Ga. App. 827, 832 (2) (b) (703 SE2d 400) (2010).

(a) Wilcox first complains that his trial counsel was ineffective in stipulating that the blood found on a pair of jeans in Wilcox's home was that of the victim. Trial counsel testified at the motion for new trial that he had a strategic reason to stipulate to the DNA evidence, although he could not specifically recall the reason. He added, "I would like to think that perhaps it enamors me in some way to the jury so they don't have to sit through an hour-and-a-half long testimony about DNA evidence." At trial, counsel argued to the jury that the jeans had been contaminated by the victim's blood when an

officer brought them from Wilcox's house to the crime scene. He established that an officer moved the jeans, and that there was a considerable amount of blood in the victim's home. He elicited admissions from the crime scene investigator that the officer's conduct in moving the jeans into a crime scene was improper and had the potential to contaminate the evidence. Stipulating to the identity of the blood on the jeans was entirely consistent with counsel's argument that the blood was contamination caused by the police officer's conduct rather than blood transferred to Wilcox's pants at the time of the crime. "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result." (Citation, punctuation and footnote omitted.) *Hazelrigs v. State*, 255 Ga. App. 784, 786 (2) (567 SE2d 79) (2002). Entering into the stipulation therefore was a reasonable trial strategy that did not amount to deficient performance. See *Moore v. State*, 274 Ga. App. 432, 436 (2) (a) (618 SE2d 122) (2005).

(b) Wilcox next argues that his trial counsel was ineffective in failing to file a motion to suppress the jeans. At the hearing on the motion for new trial, trial counsel testified:

> I researched the issue, and in my professional judgment, the victim had been subjected to a brutal and horrible rape and aggravated sodomy. She made an outcry immediately, said it was the next-door neighbor, the police were on the scene immediately, they found blood between the two homes, and in my mind that constituted exigent circumstances, and just as matter of my practice, [I] do not file blanket, frivolous, in my mind, motions.

Trial counsel's assessment of the law is correct. "A law enforcement officer may make a legally permissible warrantless entry into a residence when exigent circumstances exist." (Citation omitted.) *State v. Peterson*, 273 Ga. 657, 659 (2) (543 SE2d 692) (2001).

> Exigent circumstances may be found where police reasonably perceive an emergency involving a threat to life or property, or where an officer is in hot pursuit of a fleeing felon, where an officer reasonably fears the imminent destruction of evidence if entry into the residence is not immediately effected, and where an officer reasonably perceives that a suspect within the dwelling poses a risk of danger to the police or others.

(Citation and punctuation omitted.) *James v. State*, 294 Ga. App. 656, 658-659 (670 SE2d 181) (2008). In *James*, a rape victim reported

that the perpetrator was inside a home. The front door was open, no one responded to police officers' calls from the front door, and the police were concerned that the perpetrator was dangerous and that evidence might be destroyed. Id. at 657. We concluded that this was "a situation where quick action was required," and affirmed the trial court's denial of James's motion to suppress. Id. at 661.

Here, the victim told an officer immediately after the incident that her neighbor, Ed, had raped her and that he had gone next door. The officer called for backup because "[t]he suspect was possibly still next door." When officers investigated, they found both the front and back doors of Wilcox's house open, knocked and received no answer, and entered the home. An officer testified that it was "important to detain the suspect for the safety of the neighborhood." These exigent circumstances justified the warrantless entry, and "failure to make a meritless objection cannot be evidence of ineffective assistance of counsel." (Citation and footnote omitted.) *Thomas v. State*, 306 Ga. App. 279, 281-282 (3) (a) (701 SE2d 895) (2010). Trial counsel's performance therefore was not deficient.

(c) Finally, Wilcox asserts as ineffective trial counsel's failure to object to hearsay testimony from the treating physician and nurse that the victim identified him as her attacker. As trial counsel noted during the hearing on the motion for new trial, the victim had already testified at trial and identified Wilcox as her assailant, and was cross-examined by trial counsel on this point. Her prior consistent statements therefore were admissible. *Watson v. State*, 214 Ga. App. 650, 651 (1) (448 SE2d 718) (1994). Trial counsel was not deficient in failing to make a meritless objection. *Thomas*, supra.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED MAY 6, 2011.

*Jonathan P. Waters*, for appellant.
*Howard Z. Simms, District Attorney, Nancy S. Malcor, Dorothy V. Hull, Gregory W. Winters, Assistant District Attorneys*, for appellee.