A11A1063. PALACIOUS v. THE STATE.
(711 SE2d 401)

MCFADDEN, Judge.

After a jury trial, Maynor Palacious was convicted of aggravated assault and two counts of battery. He appeals, challenging the sufficiency of the evidence. Because there is enough evidence from which a rational trier of fact could have found Palacious guilty beyond a reasonable doubt of the crimes charged, we affirm.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine the credibility of witnesses, but determine only if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on November 21, 2009, Palacious arrived uninvited at the home of his former girlfriend, Terri Ridley. When she went outside to tell him to leave, Palacious grabbed her hair, hit her, threw her to the ground, began kicking her and tried to stab her with a screwdriver. Teresa Ridley, the sister of Terri Ridley, ran outside and attempted to intervene. Palacious stabbed Teresa Ridley through her left hand and in her neck with the screwdriver, and he kicked her in the face. Terri Ridley called the

police. Palacious fled and was later apprehended by police.

Palacious argues that his convictions must be overturned because the police did not obtain fingerprint or DNA evidence, and did not interview a witness at the scene. As we have previously noted in rejecting such arguments, they

> amount to nothing more than a request that this Court reweigh the evidence already considered by the jury in this matter. We will not entertain such a request. Indeed, as long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Punctuation omitted.) *Morton v. State*, 276 Ga. App. 421, 422 (1) (623 SE2d 239) (2005) (rejecting insufficiency argument based on lack of DNA and fingerprint evidence and conflict in witness testimony). Here, the testimony of the victims describing the attacks, as well as the medical evidence of the injuries suffered, is sufficient to sustain Palacious' aggravated assault and battery convictions. See *Wilcox v. State*, 309 Ga. App. 538 (1) (711 SE2d 67) (2011) (testimony of victim alone sufficient to support guilty verdict, and state also introduced corroborating medical evidence of victim's injuries).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 9, 2011.

*Kearston M. Gill*, for appellant.

*T. Joseph Campbell, District Attorney, Shelly D. Faulk, Assistant District Attorney*, for appellee.