A92A1815. DICKERSON v. THE STATE.
(427 SE2d 591)

CARLEY, Presiding Judge.

Appellant was tried before a jury on a multi-count indictment which alleged his commission of numerous offenses against several members of a family. The jury found him guilty of only one count of aggravated assault against one of the family members. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant had requested a charge on simple assault as a lesser included offense of aggravated assault. The trial court's failure to give this requested charge is enumerated as error.

Simple assault "is necessarily a lesser included offense of the greater crime of aggravated assault and is an essential part thereof." *Smith v. State*, 140 Ga. App. 395, 396 (1) (231 SE2d 143) (1976). Thus, any defendant who has committed the greater offense of aggravated assault has necessarily committed the lesser offense of simple assault. See generally *Morrison v. State*, 147 Ga. App. 410, 412 (4) (249 SE2d 131) (1978); *Hise v. State*, 127 Ga. App. 511 (194 SE2d 274) (1972). "But this does not mean that the [trial] court should authorize the jury to enter a verdict for the lesser crime in every case." *Smith v. State*, supra at 396 (1). Where, as here, the *undisputed* evidence shows that the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense. *Clark v. State*, 191 Ga. App. 386, 387 (3) (381 SE2d 763) (1989). "Under the facts here, [appellant] either committed an aggravated assault or none at all. There was no evidence of an attempt to commit an injury not involving [a] gun." *Harper v. State*, 127 Ga. App. 359, 360-361 (3) (193 SE2d 259) (1972). It follows that the trial court did not err in refusing to give appellant's requested charge.

2. Over objection, the investigating officer was allowed to testify that, in her opinion, the family members did not "have the appear-

ance of people [who] were trying to make up a story. . . ." This evidentiary ruling is enumerated as error.

The trial court erred in allowing the testimony. "An expert witness may not testify as to his opinion of the victim's truthfulness. [Cits.] . . . [A]n expert witness may not put his . . . stamp of believability on the victim's story. [Cit.]" *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988).

The question yet remains, however, as to whether the error was harmful. The jury acquitted appellant of all but one of the crimes which he allegedly had committed against the family members. It is thus apparent that the jury could not have been influenced by the investigating officer's impermissible bolstering of the general credibility of the family members, but made an independent determination as to the specific credibility of each family member and the relative merits of each count of the indictment. As to that count upon which a guilty verdict was returned, appellant admitted that he had confronted the victim and had drawn a gun, urging only that he had never pointed the gun directly at the victim. Under these circumstances, it is highly probable that the erroneously admitted opinion of the investigating officer did not contribute to the verdict. See *Remine v. State*, 203 Ga. App. 30 (2) (416 SE2d 326) (1992).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 4, 1993.

*Word & Flinn, Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellee.