A93A0589. ATKINS v. THE STATE.
(432 SE2d 661)

Cooper, Judge.

Appellant pled guilty to driving under the influence in violation of OCGA § 40-6-391 (a) (4), reserving his right to appeal the trial court's denial of his motion to suppress.

Evidence presented at the hearing on the motion to suppress shows that Officer James Walker, while eating breakfast at a restaurant, noticed appellant leave and walk approximately 100 to 150 feet to his vehicle in the parking lot. Walker noticed that appellant was very unsteady and swaying, although he was not staggering to the point of falling down. Walker had been an officer for 18 years, had arrested 500 to 600 intoxicated drivers, and had extensive training in recognizing intoxicated drivers. Based on his training and experience, Walker suspected that appellant was under the influence of some intoxicant. Walker therefore left his breakfast and stopped appellant's vehicle. During the one-quarter to one-half mile drive from the restaurant to the location where Walker caught up with appellant and stopped him, Walker did not notice anything unusual or illegal about appellant's driving. After the stop, Walker observed that appellant smelled strongly of alcohol, that his speech was slightly slurred, and that he was still unsteady on his feet when he exited his vehicle at Walker's request. Based on these observations as well as appellant's behavior in the parking lot, Walker arrested appellant. Appellant was later given an intoximeter test which showed he was legally intoxicated.

In his sole enumeration of error, appellant contends that evidence regarding Walker's observations after appellant was stopped as well as the results of the intoximeter test should have been suppressed because the stop was illegal. Essentially, he argues that in the absence of other indicators of intoxication such as boisterous behavior or unsafe driving, his unsteady walk across the parking lot alone could not give rise to the "articulable suspicion" necessary for a legal stop. We disagree. A police officer may legally "conduct a brief investigatory stop without a showing of probable cause where the officer observes unusual conduct which, when viewed in the light of his experience, causes him to conclude that the individual is involved in crim-

inal activity. [Cit.]" *Pullano v. State*, 169 Ga. App. 377, 379 (312 SE2d 857) (1983). Appellant's unsteady walk led Walker to suspect appellant was intoxicated; and when appellant drove off, it led Walker to conclude that appellant was engaged in the criminal offense of driving under the influence. This was not a situation in which an officer was arbitrarily harassing a motorist for no sensible reason, see *Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892) (1973), or was using a minor traffic violation as a pretext to stop a motorist fitting a drug courier profile, see *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988). Rather, Walker stopped someone he reasonably suspected, based on his own observations, posed an immediate and significant danger to the public. Accordingly, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 15, 1993.

*William H. Turner, Jr.,* for appellant.
*Keith C. Martin, Solicitor,* for appellee.