A94A2626. PRAYOR v. THE STATE.
(456 SE2d 664)

POPE, Presiding Judge.

Defendant appeals his conviction for aggravated assault.

The evidence shows defendant and his wife were in the kitchen washing dishes at about noon on October 24, 1992, when they looked through the kitchen window and saw the victim standing near defendant's truck. Defendant and his wife ran out of their house, and according to their testimony, the victim had gotten into the truck. Defendant shouted something, and the victim jumped out of the truck and started running. Defendant chased the victim for a short distance, and then ran back into the house. Defendant's wife had called

"911" in the interim and defendant briefly spoke with the dispatcher. Defendant testified that the dispatcher was asking him questions, and in his statement at the time of his arrest, which was introduced at trial, defendant stated that he became frustrated with the questions of the dispatcher, and handed the phone back to his wife. Defendant testified that he decided he wanted to apprehend the victim for the police. Defendant retrieved his .357 revolver that he kept in his house for protection, and got into his car to look for the victim. Defendant testified he spotted the victim emerging from a path that was often used as a cut through to a nearby school. The victim testified that he saw defendant approaching fast in his car, and that he jumped on the sidewalk to avoid defendant. Both the victim and the defendant testified the victim began to run away from the defendant, and defendant testified he told the victim to "hold it." The defendant also testified that he thought he saw something in the victim's hand, but he admitted on cross-examination that he did not mention this in his statement given to police shortly after the incident. The victim continued to flee, and proceeded to run up some steps at the school. According to defendant, when the victim reached the top of the stairs, he made a quick turn back in defendant's direction and defendant, who was only partly out of his car, fired a warning shot without aiming the gun. The victim testified that the defendant pointed the gun in his direction before he fired. The victim went down, and defendant came up to him and removed the victim's belt and tied his arms behind his back. The police arrived, and discovered that the victim, who was still lying on the ground, had been shot. Defendant was then placed under arrest. Defendant and one of the officers at the scene also testified that the victim admitted he was trying to break into defendant's vehicle, but the victim denied making this statement and denied any criminal activity. Defendant also testified that he fired his gun partly to get the victim to stop and partly in self-defense.

1. Defendant first argues the trial court erred in failing to properly charge the jury on the use of reasonable force in effecting a citizen's arrest. Defendant asserts that the statute authorizing citizens' arrests implies that whatever force is necessary may be used to arrest a fleeing felon, and that the trial court improperly instructed the jury that the use of deadly force was limited to certain circumstances. We find no merit to this contention. First, the multiple charges requested by defendant were confusing and repetitive, and the trial court was not required to give them. Moreover, OCGA § 17-4-60 merely authorizes a private person to make an arrest under certain circumstances; it does not prescribe the amount of force that may be used in effecting a valid arrest. The transcript reveals the charge given by the trial court was taken from the Supreme Court case of *Hayes v. State*, 261 Ga. 439, 443 (6) (a) (405 SE2d 660) (1991), wherein that Court stated

as follows: "OCGA § 17-4-60 provides that a private citizen may make an arrest if a felony is committed in his presence or within his immediate knowledge. A private citizen may make an arrest upon reasonable and probable grounds of suspicion if the offense is a felony and the offender is escaping or trying to escape. For a citizen's arrest to be valid, the citizen must use no more force than is reasonable under the circumstances. . . . Also, . . . deadly force in effecting an arrest is limited to self-defense or to a situation in which it is necessary to prevent a forcible felony." Id. See also *Prayor v. State*, 214 Ga. App. 132, 133 (447 SE2d 155) (1994). This enumeration is thus without merit.

2. Contrary to defendant's second enumeration of error, under the evidence adduced at trial the jury was authorized to reject his citizen's arrest/justification and self-defense/justification defenses and to convict him of the crime charged.

3. Defendant contends that the trial court erred in refusing to give his requested charge on the lesser offense of simple assault. "Simple assault 'is necessarily a lesser included offense of the greater crime of aggravated assault and is an essential part thereof.' [Cit.] Thus, any defendant who has committed the greater offense of aggravated assault has necessarily committed the lesser offense of simple assault. [Cits.] 'But this does not mean that the (trial) court should authorize the jury to enter a verdict for the lesser crime in every case.' [Cit.] Where, as here, the *undisputed* evidence shows that the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense. [Cit.] 'Under the facts here, [defendant] either committed an aggravated assault or none at all. There was no evidence of an attempt to commit an injury not involving (a) gun.' [Cit.] It follows that the trial court did not err in refusing to give [defendant's] requested charge." *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) (1993); *Zachery v. State*, 158 Ga. App. 448, 450 (3) (280 SE2d 860) (1981).

4. Contrary to defendant's fourth enumeration of error, the trial court properly denied defendant's motion to exclude evidence of the victim's injuries. Specifically, defendant argues the paralyzed victim should have testified via camera hook-up so that his injuries would not be apparent to the jury, and that certain medical testimony about the injuries should have been excluded. We find no merit to these contentions. " 'The injuries sustained in an aggravated assault are relevant to that assault and therefore admissible. . . . "The Georgia courts have said many times that relevant evidence is not subject to an objection that it might inflame the minds of the jury or prejudice the jury and this is true even where the offered evidence is only cumulative." ' [Cit.]" *Cail v. State*, 194 Ga. App. 584, 585 (1) (391 SE2d 444) (1990). See also *Jefferson v. State*, 206 Ga. App. 544, 548 (5)

(425 SE2d 915) (1992).

5. Defendant next argues that the trial court erred in refusing to give his requested charge on accident. However, our review of the transcript in this case convinces us that this is not one of those "rare" cases in which a charge on both accident and justification was authorized. Cf. *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994); *Turner v. State*, 262 Ga. 359 (2) (418 SE2d 52) (1992). Accord *Scott v. State*, 261 Ga. 611, 612 (1) (409 SE2d 511) (1991); *Duke v. State*, 256 Ga. 671, 673 (2) (a) (352 SE2d 561) (1987).

6. Contrary to defendant's remaining three enumerations of error, our review of the trial court's charge to the jury shows the court properly instructed the jury on the law of justification, and on the State's burden of proof relative to the defenses asserted by defendant at trial. Although defendant asserts otherwise, the trial court did instruct the jury on the definition of "forcible felony," and we decline to reverse the conviction in this case on account of the court's failure to also include a charge defining felony. *Carver v. State*, 262 Ga. 723, 724 (2) (425 SE2d 657) (1993).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 —

*Douglas R. Padgett*, for appellant.

*J. Tom Morgan, District Attorney, Richard S. Moultrie, Jr., Desiree S. Peagler, Assistant District Attorneys*, for appellee.