## A95A2067. COMLEY v. THE STATE.
### (462 SE2d 432)

BLACKBURN, Judge.

John Joseph Comley appeals his conviction of aggravated assault, criminal trespass, possession of a firearm during commission of a felony, and two counts of reckless conduct.[1]

1. On appeal, Comley contends the trial court erred in denying his motion to suppress his in-custody statement. Specifically, Comley argues that he requested an attorney and was not provided with one prior to questioning.

At the *Jackson-Denno* hearing, Ken Padgett, a criminal investi-

---

[1] Comley was tried with two co-defendants who are not involved in this appeal.

gator with the Calhoun Police Department, testified that after he read the *Miranda* rights form to Comley and Comley agreed to talk to him, Comley said, "I will need an attorney, though, unless this is settled." Padgett responded, "Let me get you to sign. I've read you your waiver of rights. Just sign right here that you understand those rights, and I've not made any promises." Comley then signed the waiver of rights form and engaged in a discussion with Padgett without mentioning an attorney. The entire interview was tape-recorded, and the trial court reviewed the transcript of the interview.

"Although it is clear that when an accused invokes his right to have counsel present during interrogation, all further interrogation must cease, it also appears that where that request is for a specific purpose other than interrogation, such as to have an attorney at trial, and does not encompass a desire to deal with the police only through counsel, interrogation may continue." (Citations, punctuation, and footnote omitted.) *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). See also *Hall v. State*, 255 Ga. 267, 271 (336 SE2d 812) (1985).

An investigating officer has considerable latitude in responding to the defendant's statements and formulating a reasonable response under the circumstances of the interview. See *Hall*, supra at 274. In the present case, the investigating officer concluded that Comley's statement did not encompass a desire to deal with the police only through counsel, but instead was a request for legal representation should the matter proceed to trial. The trial court agreed with the investigating officer. As the trial court's findings were not clearly erroneous, this enumeration is without merit. See *Berry*, supra at 104.

2. Comley contends the trial court erred in failing to charge the lesser included offenses of simple assault and pointing a pistol at another on the charges of aggravated assault. The trial court did charge the lesser included offense of reckless conduct, and the jury convicted Comley of the lesser included offense on two of the aggravated assault charges.

In the present case, the evidence shows that Comley pointed a gun directly at the head of one of the victims and threatened to shoot. Comley also waved the gun around in the direction of the other adults in the room. "Where, as here, the *undisputed* evidence shows that the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense. Under the facts here, [Comley] either committed an aggravated assault or none at all. There was no evidence of an attempt to commit an injury not involving a gun." (Citations and punctuation omitted.) (Emphasis in original.) *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) (1993). Therefore, the trial court did not err in failing to charge the lesser included offenses requested by Comley.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1995.

*Scott J. Forster*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.