## A99A0027. CORDIS v. THE STATE.
(513 SE2d 45)

Judge Harold R. Banke.

William Walcott Cordis was convicted of aggravated assault on a police officer, obstruction, no proof of insurance, driving without a license, and interference with government property. On appeal, he enumerates four errors.

This case arose while the arresting officer was investigating complaints of a disturbance between two vehicles at the drive-through window of a local fast-food restaurant. The officer was initially informed that both vehicles had left. However, as he was completing some paperwork, an employee pointed out that one of the offending vehicles remained in a nearby parking lot. The officer approached the car, which Cordis was driving, asked for a driver's license and proof of insurance and noticed an open can of beer on the seat. Cordis emitted a strong odor of alcoholic beverages and his eyes were glassy and bloodshot. After a lengthy search, Cordis produced neither his license nor proof of insurance. When the officer asked

---

Cordis to step out of the car, Cordis appeared to have trouble standing and slurred his speech.

At that point, the officer informed Cordis that he was under arrest for driving under the influence ("DUI"). As Cordis was being handcuffed, he jerked away from the officer and became loud, abusive, and profane. Cordis kicked the officer, refusing to enter the patrol car. The officer radioed for back-up, and it took four officers to shackle Cordis and get him into the patrol car. On the way to jail, Cordis continued his profanity and abuse. Suddenly, the arresting officer heard a loud pop from the back of his patrol car which sounded like Cordis had hit the plexiglass divider behind the officer's head with the handcuffs. Then the officer felt Cordis' hands grabbing his shoulder. Cordis had broken the plexiglass. The officer then felt a sharp, stabbing sensation in his shoulder as Cordis poked him with a piece of broken plexiglass. The officer braked as hard as he could, leaving 172 feet of skidmarks, and left the car. After other officers arrived on the scene, Cordis was subdued and transported to jail. The arresting officer received a tetanus shot; the small lacerations he received required no bandaging or other treatment. *Held*:

1. Cordis argues that the trial court's refusal to instruct the jury on simple assault requires reversal. But the record shows that the trial court charged the substantially identical language Cordis requested defining simple assault in his request to charge no. 4, which tracked the language of OCGA § 16-5-20 (a).

After deliberations commenced, however, the jury inquired whether the charge could be reduced to assault. The court inexplicably responded in the negative, stating that it "had to find the defendant either not guilty or guilty of aggravated assault." Notwithstanding the fact that it instructed the jury on simple assault, the court reasoned that its refusal to charge on the lesser included offense precluded a verdict on simple assault. Cordis properly preserved his objection to this decision.

Although simple assault is necessarily a lesser included offense of aggravated assault, trial courts need not authorize juries to enter verdicts on the lesser crime in every case. *Prayor v. State*, 217 Ga. App. 56, 58 (3) (456 SE2d 664) (1995). Where the evidence of whether an alleged aggravated assault was committed with a deadly weapon is disputed, however, the refusal to give a properly requested charge on assault as a lesser included offense is error. Id.

Here, that issue was clearly disputed, as is reflected by the trial court's instruction that the jury had to decide whether the plexiglass constituted a deadly weapon.[1] See *Banks v. State*, 169 Ga. App. 571

---

[1] It stated in pertinent part, "Plexiglass, if and when used in making an assault . . . upon another person, is not a deadly weapon per se, but may or may not be a deadly weapon

(1) (314 SE2d 235) (1984). The jury's request to reduce the charge to simple assault lends additional credence to the fact that reasonable jurors, looking at the plexiglass and the superficial injuries the officer received, could have found that it was not per se a deadly weapon. Because Cordis was entitled to a simple assault charge, reversal is required on the aggravated assault conviction.

2. Because the remaining enumerations could arise on retrial, we address them. Cordis contends that the trial court erred in refusing to charge on the affirmative defense of resisting an unlawful arrest.

Even before receiving the employee's report of Cordis' involvement in the initial disturbance, the arresting officer was entitled to approach and question Cordis. *Crosby v. State*, 214 Ga. App. 753, 754-755 (449 SE2d 147) (1994). The officer had seen Cordis drive around the restaurant and, upon questioning him, observed the odor of alcoholic beverages, an open container, slurred speech, bloodshot eyes and balance problems. See *Hall v. State*, 200 Ga. App. 585, 586-587 (1) (409 SE2d 221) (1991). Such evidence provided the requisite probable cause to arrest. *Reagin v. State*, 218 Ga. App. 733, 735 (1) (463 SE2d 39) (1995); see *Atkins v. State*, 209 Ga. App. 70-71 (432 SE2d 661) (1993). Cordis' subsequent acquittal on the DUI and open container charges is irrelevant to the probable cause issue. *Reagin*, 218 Ga. App. at 735.

3. Cordis contends the trial court erred in refusing to charge on justification. A requested charge must be precisely adjusted to some principle arising in the case and authorized by the evidence. *Williams v. State*, 227 Ga. App. 147, 148 (2) (488 SE2d 708) (1997). Here, the record provided no factual support for the premise that Cordis was justified in using force against the arresting officer. *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861) (1992) (the law provides no right to resist a legal arrest). Hearsay statements Cordis purportedly made to the arresting officer provided no factual basis for the requested instructions. *Harden v. State*, 210 Ga. App. 673, 675 (1) (436 SE2d 756) (1993) (hearsay lacks probative value even if unobjected to).

4. We need not reach the remaining enumeration, which raises the identical issues addressed above.

---

depending upon the manner in which it is used in the circumstances of the case. The lethal character of the instrument allegedly used in making an assault may be but need not be inferred from the nature and extent of the injury, if any, inflicted on the person attacked. Whether or not under all the circumstances of this case the plexiglass alleged in this bill of indictment to have been used in making an assault upon the alleged victim did, in fact, constitute a deadly weapon as alleged is a matter to be determined by the jury from the evidence in this case."

*Judgment affirmed in part and reversed in part. Smith and Eldridge, JJ., concur.*

DECIDED FEBRUARY 23, 1999.

*Stephen T. Smith*, for appellant.
*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.