A06A0395. MOBLEY v. THE STATE.
(631 SE2d 491)

BERNES, Judge.

A Cobb County jury convicted appellant Wesley Craig Mobley of criminal attempt to commit kidnapping and aggravated assault with intent to rape. Mobley appeals from the trial court's denial of his motion for new trial, contending the evidence was insufficient to sustain his convictions and the trial court erred in denying his requests to charge the lesser included offenses of simple assault and simple battery. For the reasons that follow, we affirm.

1. Mobley challenges the sufficiency of the evidence supporting his convictions.

> When a criminal defendant challenges the sufficiency of the evidence supporting a conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. . . . [W]e do not weigh the evidence, judge the credibility of witnesses, or resolve evidentiary conflicts. The relevant question for this

---

court is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some competent evidence to support each element necessary to make out the state's case, the jury's verdict will be upheld.

(Footnotes omitted.) *Lawson v. State*, 275 Ga. App. 334, 335 (1) (620 SE2d 600) (2005).

So viewed, the evidence at trial shows that at approximately 8:00 a.m., March 19, 2003, the victim parked her car in an empty parking lot behind the store where she worked. After she exited her vehicle, Mobley, a homeless man living in nearby woods, attacked her. Mobley grabbed the victim and attempted to place duct tape over her mouth. The victim fought back, knocked the duct tape away, and screamed for help. Mobley then jumped on the victim, pushed her to the ground and straddled the struggling victim between his legs.

The store owner heard the victim's screams, ran out of the store and saw Mobley sitting on top of the victim and striking her. The owner yelled at Mobley, who jumped up and fled from the scene. The owner chased Mobley and shortly thereafter caught him with the assistance of a customer, who had observed the ongoing chase and joined in the pursuit. During the chase, Mobley threw several pictures from a pornographic magazine onto the ground.

The police arrived within minutes and took Mobley back to the crime scene where he was identified by the victim as her attacker. The duct tape Mobley had used was recovered by police in the parking lot. The pornographic pictures were retrieved from along the route where the chase took place. One of the pictures was folded back so as to be more prominently displayed. Police officers noted that the woman depicted in that picture bore a striking resemblance to the victim.

At trial, Mobley claimed that he had not attacked the victim and that he did not approach her until he heard her screams. He contends on appeal that he was misidentified and that he was merely present at the scene of the crime. "Identity is a question for the trier of fact, and the credibility of the [witnesses] was for the jury to determine." *Smith v. State*, 251 Ga. App. 452, 454 (1) (554 SE2d 596) (2001).

The victim positively identified Mobley as her attacker when he was captured and again at trial. Moreover, the store owner, who also identified Mobley at trial, testified that he maintained sight of Mobley from the time he first observed him attacking the victim until his ultimate capture. This evidence was sufficient to identify Mobley as the perpetrator of the crimes. See *Brackett v. State*, 142 Ga. App. 578 (1) (236 SE2d 538) (1977).

Mobley further contends that, even if the evidence established that he was the attacker, it failed to show that he intended to kidnap,

or rape the victim. Mobley points to evidence that he called the victim a "rich bitch"[1] to allegedly show that his hostility arose not from sexual aggression or intent to abduct, but rather from his impression that the victim was employed and rich while he was homeless, unemployed, and poor. "[C]riminal intention is a jury question, and a jury's finding on that issue will not be disturbed on appeal unless contrary to the evidence and clearly erroneous." *Strozier v. State*, 254 Ga. App. 528, 529 (1) (562 SE2d 832) (2002). "[Intent] need not be declared expressly but may be inferred by the jury from the circumstances of the case. As a general rule, proof of intent is shown by circumstantial evidence." *Goodall v. State*, 277 Ga. App. 600, 602-603 (1) (a) (627 SE2d 183) (2006). See also *Butler v. State*, 194 Ga. App. 895, 897 (2) (392 SE2d 324) (1990).

In this case, the evidence reflected that Mobley grabbed the victim and tried to duct tape her mouth. Mobley made no attempt to take the victim's purse or car keys during the attack. The victim testified that "[Mobley] wasn't going for anything else. He was going for me." Significantly, the evidence also showed that Mobley possessed pornographic pictures of a woman who reportedly looked strikingly similar to the victim. Based upon this circumstantial evidence, the jury was authorized to find that Mobley had the requisite intent to detain, abduct, and rape the victim as charged. See *Williams v. State*, 165 Ga. App. 69, 69-70 (1) (299 SE2d 402) (1983); *Meier v. State*, 190 Ga. App. 625, 628 (4) (379 SE2d 588) (1989) (defendant's possession of pornographic materials tends to show bent of mind toward sexual conduct); *Collins v. State*, 171 Ga. App. 906, 908 (2) (321 SE2d 757) (1984) (finding that "the jury could probably infer the pornographic magazines were a type of blueprint empirically linking them to the execution of the violent assaults, both physical and mental, and the battering, bruising and abusing of the [victim]"). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Mobley guilty beyond a reasonable doubt of aggravated assault and criminal attempt to commit kidnapping. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-4-1; 16-5-40 (a);[2]

---

[1] One of the officers testified that after his arrest, Mobley claimed that the store owner and customer had chased him because he called the victim a "rich bitch." Mobley contended he was angry because he was homeless at the time and denied physically attacking the victim. Although Mobley now points to this evidence in support of his argument on appeal, at the time of trial, Mobley denied making this statement.

[2] "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). See *Arrington v. State*, 48 Ga. App. 64, 67-70 (171 SE 874) (1933). See also

16-5-21 (a) (1).[3]

2. Mobley next claims that the trial court erred in failing to give his requests to charge the jury as to the lesser included offenses of simple assault and simple battery.

> The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. . . . Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Citation omitted; emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Here, the state's evidence showed the completed crimes of aggravated assault and attempted kidnapping. Mobley's defense at trial was that he had been misidentified as the attacker and had not committed any crimes. "The evidence thus offered the jury a choice between the completed crimes or no crimes. Under these circumstances, the trial court did not err in refusing to charge the jury on the lesser offenses." *De'Mon v. State*, 262 Ga. App. 10, 16 (6) (584 SE2d 639) (2003).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 18, 2006.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Jesse D. Evans, Assistant District Attorneys*, for appellee.

---

*Wittschen v. State*, 189 Ga. App. 828, 828-829 (2) (377 SE2d 681) (1988) (finding that although asportation was an essential element of the underlying crime, it was unnecessary to prove asportation where the defendant was merely charged with criminal attempt and was not charged with commission of the actual underlying crime).

[3] "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent . . . to rape." OCGA § 16-5-21 (a) (1). See *Goodall*, 277 Ga. App. at 602-603 (1) (a); *Butler*, 194 Ga. App. at 897 (2).