A07A2112. BOSTIC v. THE STATE.

(656 SE2d 546)

MIKELL, Judge.

After a jury trial, Kojo Kenyatta Bostic was convicted of several misdemeanor offenses, including simple assault, criminal trespass, fleeing and attempting to elude police, and reckless driving. On appeal, Bostic contends that the trial court erred when it charged the jury on simple assault as a lesser included offense of aggravated assault upon a police officer. We affirm.

"On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence."[1] So viewed, the evidence shows that on August 13, 2005, Bostic went to the home of Jomoya Gradford, with whom his former girlfriend Minde LeBeau lived, after arguing with LeBeau on the telephone. According to LeBeau, Bostic repeatedly beat and kicked on the apartment door, but she would not open the door for him. Bostic then threw rocks at the window and broke it. LeBeau called the police, but Bostic left before they arrived. Bostic returned later that evening and broke into Gradford's apartment but left again before the police arrived. While the police were there the second time, however, Bostic called Gradford's phone, and Gradford told him to come back to the apartment so that he and LeBeau could talk. Bostic returned and backed his car into a parking spot but tried to leave once he saw the police.

Officer Dwayne Harrison of the Clayton County Police Department testified that he went to Gradford's apartment twice that night; that on the second visit, he saw Bostic back his automobile into a parking spot and then start to pull out; that he tried to make contact with Bostic on the driver's side; that Bostic made his vehicle lurch toward him; that he drew his weapon when Bostic continued to come toward him; that Bostic stopped momentarily and Harrison lowered his weapon; that Bostic stared at him then gunned his engine, driving the vehicle at him; that he jumped out of its path; and that fellow officer Clinton Nicholas shot at Bostic's car. Officer Nicholas also testified that Bostic drove his vehicle directly toward Harrison.

---

[1] *Durrance v. State*, 250 Ga. App. 185 (2) (549 SE2d 406) (2001).

Bostic left the scene, and the officers radioed Bostic's direction. Ultimately, Bostic was apprehended by other officers after a high speed chase.

Bostic testified and denied Gradford's and LeBeau's account of what happened that night. Bostic testified that he was invited to the apartment by LeBeau, had a disagreement with both women, and that he did not break into the apartment. Bostic further testified that he returned to the apartment to pick up Gradford and LeBeau to go to a restaurant and as he sat in his car, saw two males approach with a flashlight. Bostic maintained that he did not know that the men were police officers nor did he ever rev his engine. Instead, he drove off, driving around the men, because he thought he was about to be robbed.

The trial court charged the jury on aggravated assault on a police officer and simple assault as a lesser included offense thereof. Bostic maintains that the evidence supported a finding of guilt on aggravated assault or no assault at all. Therefore, the trial court was not authorized to charge on simple assault. We disagree.

"A trial court is authorized to charge the jury on a lesser included offense so long as the charge is supported by the evidence, and the indictment sufficiently places the defendant on notice of the crimes which he must defend."[2] Simple assault is necessarily a lesser included offense of aggravated assault.[3] Therefore, "any defendant who has committed the greater offense of aggravated assault has necessarily committed the lesser offense of simple assault."[4] The indictment charged Bostic with aggravated assault against a police officer, which includes the elements required to prove the lesser offense of simple assault.

"Under OCGA § 16-5-21 (a) (2)[,] a person commits the offense of aggravated assault when he or she assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[5] A simple assault occurs when a person either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately

---

[2] *Foster v. State*, 254 Ga. App. 255 (2) (562 SE2d 191) (2002). See *Johnson v. State*, 169 Ga. App. 104, 105 (311 SE2d 528) (1983) ("[a] trial court may instruct the jury on a lesser included crime of that charged in the indictment") (citation omitted); *Powell v. State*, 270 Ga. 327, 328 (2) (510 SE2d 18) (1998) (trial court may instruct the jury on included offense sua sponte when authorized by the evidence).

[3] *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) (1993).

[4] (Citations omitted.) Id.

[5] (Punctuation omitted.) *Dixon v. State*, 285 Ga. App. 694, 695 (647 SE2d 370) (2007).

receiving a violent injury.[6] "[I]t is the victim's reasonable apprehension of injury from an assault by a deadly weapon . . . that establishes the crime of aggravated assault, not the assailant's intent to injure."[7] In this case, even if the jury did not believe that Bostic tried to hit the officer with his car, which we note supports a conviction for simple assault under OCGA § 16-5-20 (a) (1), there was other evidence from which the jury could have concluded that Bostic nonetheless committed the offense of simple assault. Specifically, Officer Harrison testified that he stood directly in front of Bostic's car and commanded that Bostic stop the car. Harrison further testified that instead of complying with his commands, Bostic stared directly at him as if he were looking through him while revving his engine and causing his car to lurch toward Harrison. Harrison believed that Bostic was going to hit him with the car. This evidence supported the charge on simple assault as Bostic's conduct put Harrison in reasonable apprehension of immediately sustaining a violent injury,[8] which satisfied the elements required to prove simple assault under OCGA § 16-5-20 (a) (2).

"Because the trial court has the inherent power to charge the jury on a lesser included crime, so long as the charge is supported by the evidence, it is neither error nor reasonably unexpected for the trial court to charge the jury on a lesser included crime."[9] As the charge here was so supported, we find no error.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 16, 2008.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Tiffany C. Boulware, Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-5-20 (a).

[7] (Citation and punctuation omitted.) *Dixon*, supra at 696.

[8] Compare *Stevenson v. State*, 234 Ga. App. 103, 105 (3) (a) (506 SE2d 226) (1998) (charge on assault as a lesser included offense of aggravated assault upon an officer not authorized where absent the use of the weapon, there was no other evidence of assault).

[9] *Gagnon v. State*, 240 Ga. App. 754, 756 (1) (525 SE2d 127) (1999).