## A09A1038. CRANE v. THE STATE.
### (678 SE2d 542)

BLACKBURN, Presiding Judge.

Following a jury trial, Ronnie Lamar Crane was convicted on one count of aggravated stalking[1] and one count of aggravated assault.[2] He appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Crane] no longer enjoys a presumption of innocence." (Punctuation omitted.)

---

[6] (Footnote omitted.) *Pruitt*, supra; see also *Dennis v. State*, 263 Ga. 257, 259 (4) (430 SE2d 742) (1993).

[7] (Punctuation omitted.) *Dennis*, supra.

[1] OCGA § 16-5-91 (a).

[2] OCGA § 16-5-21 (a) (2).

*Dennis v. State*.[3] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[4]

So viewed, the record shows that after 29 years of marriage, Crane and his ex-wife were divorced in August 2006. Pursuant to the divorce decree, Crane's ex-wife had custody of the couple's two minor children and received ownership and possession of the home in which they had previously lived together. Shortly after their divorce, Crane's ex-wife obtained a permanent restraining order against Crane, which included a provision prohibiting Crane from coming onto her property. Despite the restraining order, several months later, Crane's ex-wife began allowing Crane to visit their children at her father's nearby home. She later permitted him onto her property in order to pick up the children and also allowed him to visit with them outside of her home. However, after Crane began using the visitation as a means of harassing her, his ex-wife told him that he was no longer permitted near the home for any purpose.

On September 9, 2007, shortly after she had stopped Crane's visits with their children, Crane's ex-wife found a trophy in her mailbox with a note attached that was written in Crane's handwriting. The note, which purported to be from the ex-wife's recently deceased mother, asked why she had been cremated and demanded that the ex-wife "take care of my babies." At the same time, the ex-wife noticed that one of her automobile's tires was flat and that the vehicle's gas cap had been removed. Early the next day, the ex-wife discovered that her mailbox had been stolen.

That same afternoon, the ex-wife's father went to her home to check on it. As he arrived, he saw Crane coming down the steps from the home's back deck and told him that he was not supposed to be on the property. Crane began yelling about his right to be on the property and walked toward the father while holding a claw hammer in one hand and a screwdriver in the other. Fearing that Crane was going to strike him with the hammer, the father grabbed a baseball bat from his vehicle and hit Crane in the arm as he approached. A brief struggle ensued, which ended when Crane grabbed the bat and hurried down the driveway away from the property and toward his vehicle. The father then called the police, but Crane left before they arrived. A few hours later, the ex-wife's brother also went to her home to check on it. Upon his arrival, he saw Crane's vehicle at the

---

[3] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).
[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

end of the driveway and saw Crane exit the vehicle, carrying a hunting bow. At the same time, the ex-wife returned home from work and also saw Crane carrying the hunting bow. Together, she and her brother flagged down a city police officer, who detained Crane until a county officer arrived and arrested him.

Crane was indicted on one count of aggravated stalking, one count of aggravated assault on his ex-wife's brother, one count of criminal damage to property, one count of aggravated assault on his ex-wife's father, and one count of burglary. He was tried and found guilty on the aggravated stalking count and the aggravated assault count that related to the confrontation with his ex-wife's father, but was acquitted on all other counts. Thereafter, Crane filed a motion for new trial, which the trial court denied. This appeal followed.

1. Crane contends that the evidence was insufficient to support his conviction of aggravated stalking, arguing that he was permitted to be on his ex-wife's property based on her previously consenting to his visits with the couple's children. We disagree.

> A person commits the offense of aggravated stalking when such person, in violation of a . . . permanent restraining order, . . . follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-91 (a). See *Maskivish v. State*.[5] Here, the evidence showed that Crane caused his ex-wife great distress by putting a bizarre note in her mailbox, which she considered threatening, and by going onto her property at least twice in the same day without her permission. All of these actions violated the permanent restraining order against Crane. The fact that his ex-wife had previously consented to his presence on her property to visit their children does not alter the fact that on *these* occasions, for which Crane was prosecuted, she did not consent. See *Revere v. State*[6] (sufficient evidence supported aggravated stalking conviction despite the fact that victim had previously consented to contact after a no-contact order had issued); *Bradley v. State*[7] (victim's previous consent to contact did not vitiate restraining order against defendant); *Littleton v. State*[8] (sufficient evidence supported aggravated stalking conviction even though victim had previously allowed defendant into her

---

[5] *Maskivish v. State*, 276 Ga. App. 701, 702 (1) (624 SE2d 160) (2005).

[6] *Revere v. State*, 277 Ga. App. 393, 394 (1) (a) (626 SE2d 585) (2006).

[7] *Bradley v. State*, 252 Ga. App. 293, 294 (556 SE2d 201) (2001).

[8] *Littleton v. State*, 225 Ga. App. 900, 902-903 (4) (485 SE2d 230) (1997).

YALE LAW LIBRARY

home after entry of protective order). Accordingly, the evidence was sufficient to allow the jury to find Crane guilty of aggravated stalking beyond a reasonable doubt. See *Revere*, supra, 277 Ga. App. at 395 (1) (b); *Maskivish*, supra, 276 Ga. App. at 703 (1) (b); *Stevens v. State*.[9]

2. Crane also contends that the evidence was insufficient to support his conviction of aggravated assault on his ex-wife's father. We disagree.

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21 (a) (2). A simple assault occurs when a person either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a). "[A] hammer can be considered a deadly weapon for purposes of an aggravated assault charge." *In the Interest of C. B.*[10] See *Gough v. State*;[11] *Curtis v. State*.[12]

In this matter, the evidence showed that Crane confronted his ex-wife's father while holding a claw hammer and that the father defended himself with a baseball bat based on his fear that Crane was going to strike him. Crane argues that he had no intention of hitting his ex-wife's father with the hammer and that the father attacked him. However,

> [a]lthough [Crane] seeks to portray the [father] as the aggressor, it was the jury's duty to resolve any conflicts in the evidence and to assess and determine the credibility of the witnesses. Obviously, the jury in this case opted to believe the [father] and apparently resolved any conflicts in the testimony adversely to [Crane].

(Citation omitted.) *Knox v. State*.[13] Furthermore, "[i]t is the victim's reasonable apprehension of injury from an assault by a deadly weapon that establishes the crime of aggravated assault, not the assailant's intent to injure." (Punctuation omitted.) *Bostic v. State*.[14] Accordingly, the evidence was sufficient to allow the jury to find

---

[9] *Stevens v. State*, 261 Ga. App. 73, 74 (1) (581 SE2d 685) (2003).

[10] *In the Interest of C. B.*, 288 Ga. App. 752, 753 (655 SE2d 342) (2007).

[11] *Gough v. State*, 236 Ga. App. 568, 569 (1) (512 SE2d 682) (1999).

[12] *Curtis v. State*, 168 Ga. App. 7, 8 (5) (308 SE2d 31) (1983).

[13] *Knox v. State*, 254 Ga. App. 870, 872 (564 SE2d 225) (2002).

[14] *Bostic v. State*, 289 Ga. App. 195, 197 (656 SE2d 546) (2008).

Crane guilty of aggravated assault beyond a reasonable doubt. See *Brigman v. State.*[15]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 14, 2009.

*Teddy L. Henley*, for appellant.
*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.

