**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A2208. PATTERSON v. THE STATE.

BRANCH, Judge.

Following a trial by jury, Ricky Patterson was convicted of several crimes arising out of driving his Chevrolet van into Nathaniel Silvers and pinning Silvers between the van and a mobile home. Patterson appeals following the denial of his motion for new trial, asserting only that the trial court erred by refusing to give a charge on three lesser included offenses of aggravated assault as charged in Count 4 of the special presentment. Patterson does not challenge the sufficiency of the evidence.

The evidence presented at trial shows that on November 1, 2011, Patterson's live-in girlfriend, Wanda Bartley, and her adult son Silvers were at Patterson's mobile home, that the two had been working on the trailer that afternoon, and that Bartley

and Silvers had been drinking beer. Bartley and Silvers were sitting by a fire outside the home when Patterson returned from work in his van and parked the van facing toward, and about 20 feet from, one end of the mobile home. Patterson and Bartley almost immediately began arguing about Silvers being there to help Bartley work on the home. Patterson went into the home, took a roast out of the oven and threw it out the back door; Patterson also threw a cell phone through a glass gun cabinet. Bartley went inside, the couple continued to argue, and Bartley asked Patterson to leave. Silvers defended his mother and also urged Patterson to leave. At some point Patterson went outside and got into his van; Bartley was outside near the fire, and Silvers was on the porch telling Patterson to leave. Then, at the moment that Silvers walked off the porch near the same end of the trailer as the van, Patterson shifted the van into low gear, revved the engine, and drove rapidly and directly toward the end of the mobile home and Silvers. Silvers's path off the porch took him toward the van initially; Silvers then turned away from the trailer briefly but reversed and tried to run past the end of the trailer as the van approached. The van struck Silvers and pinned him to the side of the trailer, resulting in internal injuries that required a multi-day stay in the hospital; the trailer sustained a dent from Silvers's body being pinned against it.

Silvers later signed a statement stating that he had taken no part in the argument, that he and Patterson had a good relationship, that Silvers thought the incident was not intentional, that Patterson appeared to lose control of the van, and that after the incident Patterson asked Silvers if he was ok. Silvers also testified that the incident was an "accident," that he was not arguing with Patterson that day, that he did not remember getting hit, and that he had no time to react before being struck. But a fellow detainee at the county jail testified that Patterson stated that he had struck Silvers intentionally. And both Silvers and Bartley told a responding officer that the act was "intentional."

Patterson later was indicted. In the first four counts, Patterson was charged with four forms of aggravated assault: (Count 1) aggravated assault with intent to commit murder by attempting to commit a violent injury on the victim; (Count 2) aggravated assault with intent to commit murder by placing the victim in reasonable apprehension of immediately receiving a violent injury; (Count 3) aggravated assault with an object which, when used offensively against a person, is likely to and actually does result in serious bodily injury; (Count 4) aggravated assault by placing another in reasonable apprehension of immediately receiving a violent injury with an object which, when used offensively against a person, is likely to and actually does result

3

in serious bodily injury. In the remaining counts, Patterson was charged with the following: (Count 5) aggravated battery by seriously disfiguring the victim; (Count 6) aggravated battery by rendering the victim's legs useless; and (Count 7) disorderly conduct.[1] The State later dismissed Count 6.

With regard to Count 4, Patterson filed written requests to charge the jury on simple assault, reckless conduct, and reckless driving as lesser included offenses of aggravated assault as charged in that count.[2] The trial court denied the requests and counsel objected to the ruling. At the conclusion of the trial, the jury returned a verdict. With regard to the four counts of aggravated assault, the jury found Patterson guilty on the lesser included offense of simple assault on Counts 1 and 2, not guilty on Count 3, but guilty on Count 4. The jury also found Patterson not guilty on Count 5 (aggravated battery) but guilty on Count 7 (disorderly conduct). Counts 1 and 2 merged into Count 4 for the purpose of sentencing, and Patterson was sentenced to 20 years on Count 4 and 12 months on Count 7 to run concurrent with Count 4. On appeal, Patterson contends the trial court erred by refusing to charge the jury on three

[1] Patterson was also charged with being a habitual offender, but this count was used for sentencing and not submitted to the jury.

[2] The jury was charged with simple assault as a lesser included offense of Counts 1 and 2.

requested lesser included offenses for Count 4: simple assault, reckless conduct, and reckless driving.

1. Georgia law provides that "[a]n accused may be convicted of a crime included in a crime charged in the indictment or accusation." OCGA § 16-1-6.

> A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

Id. The analysis of whether a lesser included charge is warranted is determined based on a comparison with the alleged greater crime as "set forth in the indictment or accusation." *Bowers v. State*, 177 Ga. App. 36 (1) (338 SE2d 457) (1985).[3] The test

---

[3] Although a defendant is entitled to jury charges on proper lesser included offenses, beyond that, a defendant is not entitled to charges on separate crimes not charged in the indictment:

> [W]here the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense. Criminal indictments are not deemed amendable to conform to the evidence.

*State v. Hightower*, 252 Ga. 220, 223 (312 SE2d 610) (1984) (citation omitted).

employed to determine whether a jury charge should be given on any such lesser included offense turns on whether any evidence was presented to support the lesser charge:

> [W]here the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense. . . . Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

*Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) (citations omitted; emphasis in original); see also *Mobley v. State*, 279 Ga. App. 476, 479 (2) (631 SE2d 491) (2006) (same). The question before us, therefore, is whether the evidence established only the greater offense as charged in Count 4 or whether some evidence was presented to establish any of the three lesser offenses requested by Patterson.

2. In Count 4, Patterson was charged with "aggravated assault with an object" in that

> he did commit an act which placed another person, to wit: Nathaniel Lane Silvers, in reasonable apprehension of immediately receiving a violent injury, said assault having been committed with an object which when used offensively against a person, is likely to and actually does result in serious bodily injury, by driving a motor vehicle in the direction

6

of Nathaniel Silvers, striking Mr. Silvers with said vehicle, and pinning him up against a mobile home with said vehicle.

Thus, the charge specifies the two elements of an aggravated assault required by OCGA § 16-5-21 — the commission of a simple assault and the presence of a statutory aggravator — as well as which form of each element is being charged. First, the indictment shows that the State chose to charge the type of simple assault whereby a person "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). There is no specific intent requirement for this type of simple assault; rather, it is a general intent crime. *Guyse v. State*, 286 Ga. 574, 577 (2) (690 SE2d 406) (2010); *Daniels v. State*, 298 Ga. App. 736, 738 (681 SE2d 642) (2009); compare OCGA § 16-5-20 (a) (1) (a specific intent crime requiring proof that the defendant intended to violently injure someone). "All that is required [for a simple assault as defined in OCGA § 16-5-20 (a) (2)] is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension." *Smith v. State*, 280 Ga. 490, 491-492 (1) (629 SE2d 816) (2006) (citation omitted); *Daniels*, 298 Ga. App. at 738 (same). This form of simple assault focuses on the reasonable apprehension of harm of the victim; it is not concerned with the

defendant's intent to injure. *Crane v. State*, 297 Ga. App. 880, 883 (2) (678 SE2d 542) (2009); *Smith*, 280 Ga. at 492 (1).

The indictment also shows that the State charged Patterson with the second statutory aggravator, i.e., where a person "assaults . . . [w]ith a deadly weapon or with any object device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (b) (2).[4] The second statutory aggravator does not change the type of intent necessary to prove the charge in Count 4, i.e., an OCGA § 16-5-20 (a) (2) simple assault aggravated by OCGA § 16-5-21 (b) (2); rather, the crime only requires placing the victim in reasonable apprehension of harm by intentionally using the aggravating object. *Smith v. State*, 280 Ga. 490, 491 (629 SE2d 816) (2006) (where aggravated assault with a deadly weapon is alleged to have placed the victim in reasonable apprehension of

---

[4] "It is well established that an automobile can constitute an offensive weapon within the meaning of OCGA § 16-5-21 (a) (2), when used to risk or cause a serious bodily injury." *Guyse*, 286 Ga. at 577 (2).

8

harm, "intent to injure is not an element of the charged offense"); *Collins v. State*, 199

Ga. App. 676 (405 SE2d 892) (1991) (same).[5]

Accordingly, based on Count 4 as charged, the State was required to show that

Patterson intended to drive his van in the direction of Silvers, that Silvers was placed

in reasonable apprehension of injury, and that the van was an object that when used

offensively against a person, was likely to or actually did result in serious bodily

injury. The State was not required to show an intent to injure or that Patterson

intended to place Silvers in reasonable apprehension of injury.

(a) Patterson contends the trial court erred by refusing to give his requested

charge of simple assault as to Count 4. He largely contends that he was entitled to the

charge because the evidence showed a less culpable mental state than required to

[5] We recognize that there are opinions from both this Court and the Supreme Court stating in general that an aggravated assault with a deadly weapon/offensive object requires a "general intent to injure"; in these cases, however, the defendant was charged with aggravated assault based on either the specific intent form of simple assault (OCGA § 16-5-20 (a) (1)), or charged without specifying a form of simple assault, thus including both the specific intent form and the reasonable-apprehension-of-injury form. For example, in *Bostic v. State*, 289 Ga. App. 195 (656 SE2d 546) (2008), the opinion states that Bostic was indicted for aggravated assault against a police officer, but it appears that Bostic was charged with either form of simple assault, thus including the specific intent form. Id. at 196. Accordingly, *Bostic* is distinguishable. See also *Guyse*, 286 Ga. at 577 ("The State did not specify in the indictment which form of simple assault was being alleged.") (citation omitted); *Barnes v. State*, 296 Ga. App. 493, 495 (675 SE2d 233) (2009) (same).

9

establish Count 4 as charged. See OCGA § 16-1-6 (1). Even though simple assault is by definition a lesser included offense of aggravated assault, a charge on simple assault is not necessary in every case:

> Simple assault is necessarily a lesser included offense of the greater crime of aggravated assault and is an essential part thereof. Thus, any defendant who has committed the greater offense of aggravated assault has necessarily committed the lesser offense of simple assault. But this does not mean that the trial court should authorize the jury to enter a verdict for the lesser crime in every case.

*Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) (1993) (citation and punctuation omitted). Rather, where a person is charged with a reasonable-apprehension-of-injury assault and the indictment charges[6] and the undisputed evidence shows that the assault was committed with the second aggravating factor listed in OCGA § 16-5-21 (b), a charge on simple assault is not required. Id. ("Where . . . the undisputed evidence shows that the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense.") (citation and emphasis omitted); *Davis v. State*, 308 Ga. App. 7, 17 (5) (b)

---

[6] "If the indictment sets out the offense as done in a particular way, the proof must show it." *Mackey v. State*, 296 Ga. App. 675, 678 (2) (c) (675 SE2d 567) (2009) (citation and punctuation omitted).

(706 SE2d 710) (2011) (where defendant was charged with and evidence showed that defendant "took a swing" at victim with hand holding a screwdriver, an instrument that when used offensively is likely to or actually does result in serious bodily injury, and victim immediately retreated, there was no evidence of simple assault and no error refusing a charge on simple assault).

Even if there was an issue of fact regarding whether Silvers was in reasonable apprehension of immediately receiving a violent injury, it is undisputed that Patterson hit Silvers while driving his van toward Silvers from only 20 or so feet away after revving his engine and that his action resulted in serious bodily injury to Silvers. Accordingly, Patterson was either guilty of the greater crime of aggravated assault as charged in Count 4 or not guilty at all. Thus, the evidence did not support an instruction on simple assault as lesser included offense of aggravated assault.[7]

Patterson offers three theories for why he was entitled to a charge on simple assault. He first argues that the evidence could show that he lacked the general intent to cause an injury even though he intentionally drove in a manner that placed Silvers

---

[7] Counts 1 and 2 charged Patterson, respectively, with each form of simple assault aggravated by the intent to murder. Because the evidence raised the possibility that Patterson acted without the intent to murder, simple assault could be charged as a lesser included offense of those crimes.

11

in reasonable apprehension of injury. As shown above, however, the State was not required to show an intent to injure but only that Patterson's driving placed Silvers in reasonable apprehension of injury. Thus, Patterson either committed the crime as charged or committed no charged crime.

Second, Patterson argues that he was entitled to a charge on simple assault because the evidence could have shown that Patterson drove recklessly but never intended to cause any injury and that the law allows conviction of reasonable-apprehension-of-injury assault based on reckless conduct, citing one statement in *Flores v. State*, 277 Ga. 780, 784 (3) (596 SE2d 114) (2004) ("an assault conviction under OCGA § 16-5-20 (a) (2) does not exclude a finding of guilt for reckless conduct"). The flaw in Patterson's reasoning is that, as already shown, Count 4 only required the State to prove that Patterson intended to drive the van, not that he acted with intent to injure. In this case, therefore, reckless conduct would not show a less culpable mental state than that which was required to establish the commission of the crime as charged. See OCGA § 16-1-6 (1). This argument therefore fails.

Finally, Patterson argues that there was evidence upon which the jury could conclude that the van was not used in a way likely to cause serious bodily injury. Patterson relies on *Cordis v. State*, 236 Ga. App. 629 (513 SE2d 45) (1999), in which

12

this Court held that the defendant was entitled to a charge on simple assault as a lesser included offense of aggravated assault in a case where the defendant "poked [an officer] with a piece of broken plexiglass," thereby causing "small lacerations [that] required no bandaging or other treatment." Id. at 630. Thus in *Cordis*, whether the assault was committed with a deadly weapon "was clearly disputed." Id. at 630 (1). Here, there was no such dispute over the object (the van), which in fact caused serious injuries; injuries requiring a multi-day hospital stay are obviously serious. We agree with the trial court's conclusion in its order denying Patterson's motion for new trial that "there was no evidence on the record, however slight, to suggest that the van was not intentionally used as an object, which when used offensively against a person, is likely to or actually does result in serious bodily injury." (Punctuation omitted). See *Davis*, 308 Ga. App. at 17 (5) (b) (counsel not deficient in failing to request a charge on simple assault where there was no evidence that defendant did not use screwdriver in an offensive manner, which was likely to result in serious bodily injury).

We therefore conclude that the trial court did not err by refusing to charge the jury on simple assault as a lesser included offense of Count 4 as charged.

(b) Patterson contends the trial court erred by refusing to give his requested charge of reckless conduct[8] as to Count 4. He essentially argues that he was entitled to the charge because the evidence showed a less culpable mental state than required to establish Count 4 as charged. See OCGA § 16-1-6 (1).

But as with simple assault, because the State charged Patterson with aggravated assault by placing another in reasonable apprehension of immediately receiving a violent injury, a charge on reckless conduct was not warranted. *Craft v. State*, 309 Ga. App. 698, 707 (7) (a) (710 SE2d 891) (2011). In *Craft*, the defendant shot a gun into the air several times, causing one bullet to go into a nearby apartment where the residents were cowering in fear as a result of the gunfire. As explained in that decision, a charge on reckless conduct was not warranted "because evidence that a

---

[8] Reckless conduct is defined as follows:
A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

OCGA § 16-5-60 (b).

14

defendant fired a gun into the air, and thereby placed another in reasonable apprehension of immediately receiving a violent injury, demonstrates the intent required for aggravated assault, not the criminal negligence required for reckless conduct." Id. (footnote omitted).

The facts in this case are undisputed that Patterson drove his van and struck and injured Silvers. Thus, under Count 4 as charged, if Silvers reasonably feared an immediate violent injury from Patterson driving the van, the crime of aggravated assault occurred, not reckless conduct. *Craft*, 309 Ga. App. at 707; see also *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999) ("[A] reckless conduct charge is not warranted for an aggravated assault committed by placing another in reasonable apprehension of immediately receiving a violent injury. If the victim reasonably fears an immediate violent injury from a firearm, the aggravated assault has occurred.") (citations omitted). Accordingly, a charge on reckless conduct was not warranted.

(c) Patterson contends the trial court erred by refusing to give his requested charge of reckless driving[9] as to Count 4. He essentially argues that he was entitled

---

[9] Reckless driving is defined as follows: "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a).

15

to the charge because the evidence showed a less culpable mental state than required to establish Count 4 as charged. See OCGA § 16-1-6 (1).

The same analysis applicable to reckless conduct applies to Patterson's contention that the trial court erred by failing to give a charge on reckless driving because the evidence showed a less culpable mental state. Like reckless conduct, reckless driving requires an act of criminal negligence, rather than an intentional act. *Young v. State*, 294 Ga. App. 227, 230 (669 SE2d 407) (2008). Count 4 only required the State to prove that Patterson had the general intent to drive the van. In this case, therefore, reckless driving would not show a less culpable mental state than that which was required to establish the commission of the crime as charged. See OCGA § 16-1-6 (1).

For all of the above reasons, we hold that the trial court did not err by refusing to charge simple assault, reckless conduct, and reckless driving as lesser included offenses of Count 4 as charged.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*